THE GIBAULT HOME FOR BOYS *v.* TERRE HAUTE FIRST
NATIONAL BANK ET AL.

[No. 28,508. Filed May 13, 1949.
Rehearing denied June 16, 1949.] ·

*Gambill, Dudley, Cox & Crawford,* all of Terre Haute, for appellant.

*Dix, Dix & Patrick, David Rosenfeld, Thomas P. Gallagher* and *Thomas F. O'Marra,* all of Terre Haute, for appellee.

YOUNG, J.—Among the items in the will of James McGregor, probated in 1913, was one which established a trust fund, one-fourth the net income of which was to be paid to the school or schools permanently located and maintained in Vigo County, Indiana, not supported by public taxes or revenues as a part of the school system of this state. The item further provides:

> "In the event there be more than one of such schools or institutions of learning said Trustee may in its discretion devote all of said one-fourth to one of said schools, or institutions or may divide the

same between several schools or institutions in such manner and in such proportions as it may determine."

It further provides that in the event there be no school or schools entitled as aforesaid the proceeds shall be paid to the Board of Trustees of the State Normal School at Terre Haute, Indiana (now The Indiana State Teachers College). It will be observed that if there is but one school which qualifies under the item the Trustee has no discretion. It must pay that school. The trustee is only vested with discretion in the event there is more than one school qualified to take.

On November 23, 1943, the appellee Terre Haute First National Bank, as trustee under this item of the will, filed its complaint making the Sisters of Providence of St. Mary's of the Woods, St. Mary's of the Woods College, Young Men's Christian Association of Terre Haute, Indiana, Indiana State Teachers College, and others parties defendant.

The complaint alleges, among other things, that the trustee is unable to determine whether or not there are any schools permanently located and maintained in Vigo County which are entitled to take under the item; that the trustee is unable to determine who is entitled to the funds; that the two defendants first above named have each made a written claim and demand that it qualifies and that it is the *only* institution which does qualify; that the defendant Young Men's Christian Association has made a written claim and demand whereby it asserts that it qualifies. The Indiana State Teachers College is made a party to answer as to its interest for the reason that if no school qualifies, then it should receive the funds. The complaint further alleges that the money has been allowed to accumulate for many years. It requests the court to determine

whether either of the two defendants first above named is qualified to take, whether either of those two is the *only* school qualified to take and whether the Young Men's Christian Association is qualified to take.

There is nothing in the petition which would indicate that the trustee has decided what school or schools it wishes to pay. We can only construe it as asking the court to determine the qualification of the named schools to take, showing that the trustee does not know whether there is only one school qualified to take; whether there are several schools qualified to take; or whether there are any schools qualified to take; and it seeks the advice of the court to determine those questions insofar as it can presently be done. It seems obvious that the trustee brought in, as parties defendant, all those claiming to be entitled to take, of whom the trustee had any knowledge.

On May 22, 1946, the appellant The Gibault Home for Boys filed its amended petition to intervene in said cause and be made a party defendant. The petition alleges that the appellant was organized in 1921 and that it has since that time continuously maintained a school for boys, permanently located in Vigo County; that it is supported and maintained by voluntary contributions; that it receives no support or funds from public taxes, etc. It further alleges hostility to it on the part of the above named defendants; its belief that it is entitled to participate in the fund; that it only recently discovered the facts of the existence of the trust and the litigation in which it seeks to intervene. It asks to be admitted to and made a party defendant in this cause.

The plaintiff trustee made no effort to resist appellant's petition to intervene, but the defendants above named separately demurred to the petition on the

ground, variously stated, that the intervening petition did not show facts sufficient to constitute cause for appellant's intervention in said action. The demurrer was sustained. The appellant declined to plead over, and judgment was rendered against it. The question presented is whether the court erred in sustaining the demurrer.

The briefs are largely devoted to a discussion of whether the appellant does or does not in fact qualify as a beneficiary under the item. With that we are not now concerned. That question will be determined in the action brought by the trustee for that purpose. It is for the right to participate in the determination of that ultimate question that the appellant seeks to intervene. We think the allegations of appellant's petition are sufficient as a matter of pleading to show that it is entitled to litigate that question in the main action if it is permitted to intervene for that purpose. § 2-222, Burns' 1933 provides:

> "The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others or by saving their rights; but when a complete determination of the controversy can not be had without the presence of other parties, the court must cause them to be joined as proper parties. And when, in an action for the recovery of real or personal property, a person not a party to the action, but having an interest in the subject thereof, makes application to the court to be made a party, it may order him to be made a party by the proper amendment."

This section vests the court with broad discretion in the admission of parties. *Dodd* v. *Reese* (1940), 216 Ind. 449, 24 N. E. 2d 995. In the case before us it seems to us that the substantial question is whether the appellant has such an "Interest" in

the subject of the action that the exercise of a sound discretion would dictate its admission as a party defendant.

It is generally said that the interest referred to in statutes like ours must be a direct and not consequential interest. It must be an interest which is proper to be determined in the action in which intervention is sought. It must be of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment; and if the interest in the subject of the litigation is not a direct or substantial interest, but is an indirect, inconsequential or contingent one, intervention is not proper. 39 Am. Jur., Parties, §§ 60 and 61. The appellees insist the interest claimed by appellant is of such a character.

The appellant does not claim to be the only qualified recipient, and so it is true the appellant, though found qualified to be chosen by the trustee as a recipient of the funds, may not be so chosen, for under the terms of the item, if there is more than one qualified taker, the trustee is vested with a discretion which he himself must exercise. It does not follow, however, that the establishment of its right to be chosen is not such an interest as comes within the statutory provision. The trustee is seeking to discover whether the defendants are eligible and whether they are the only ones eligible. The trustee's petition alleges that each of two of the defendants claims to be the only eligible beneficiary. That is an issue before the court and obviously if either is found to be the sole beneficiary appellant is excluded. That gives the appellant an interest in the subject matter of the action and brings it within the intervention statute above quoted. For another reason appellant is within the statute. If appellant were not a party and one of the named defend-

ants were adjudged to be, as claimed, the sole eligible, that would not be binding upon appellant. Hence, a complete determination, as against appellant, of the question of the sole eligibility of either of the two named defendants making such claim cannot be had without the presence of appellant and, under the statute, in such event the court should have caused appellant to be joined as a party.

In *Husted* v. *Sweeney* (1943), 113 Ind. App. 418, 48 N. E. 2d 1004, a case involving beneficiaries, the extent of whose participation in the trust funds depended upon the discretion of the trustee, it was held that such beneficiaries were proper parties to a complaint for the construction of the trust item of the will, because "their rights and interests could or would be affected by the court's decision." It was held in *Wilson* v. *Wilson* (1888), 145 Mass. 490, 14 N. E. 521, that a person to whom income of a trust fund was payable only at the discretion of the trustee was "beneficially interested in the trust" and could intervene by way of a petition seeking the discharge of the trustee, and in that case the trustee was discharged as the result of such intervention.

Courts look with favor upon intervention in proper cases. 39 Am. Jur., Parties, § 57, p. 931. A trustee is entitled to be instructed as to who are qualified as beneficiaries under a trust if he is reasonably in doubt as to that. 2 *Scott on Trust*, § 259, *Restatement of Law on Trusts*, § 259. We think it is proper to determine those questions in the action brought by the trustee. If the appellant is eligible under the will, its interest is no more indirect, inconsequential or contingent than is the interest of the other defendants who claim to be qualified, and who have made written demands for the payment of the funds and are seeking to obstruct consideration of appellant's eligibility. Each stands to gain or lose to the same extent by the legal

operation and effect of the judgment, and in our opinion the appellant is entitled, equally with the others, to have its status determined in this proceeding. We think the questions should be determined in one suit and the appellant should be admitted as a party defendant. That will tend to end the delay in carrying out the testator's wish and purpose. In this case that is a particularly valid consideration. So far as we can determine from the record before us, the wishes of the testator as expressed in the item of his will under consideration have been neglected for about 35 years. Under trust provisions such as those before us, where the trustee in its discretion may select a beneficiary, it is quite natural that none who is qualified to be selected will proceed against the trustee, for fear of incurring the latter's displeasure. In such cases the trustee should act promptly and diligently and it is peculiarly the duty of the courts to minimize delay.

The judgment is reversed with instructions to overrule the demurrer and admit the appellant as a party defendant and to permit it to plead and proceed as such.

NOTE.—Reported in 85 N. E. 2d 824.