DAVIDSON ET AL. *v.* GROSSKOPF ET AL.

[No. 18,893. Filed May 29, 1958. Rehearing denied June 25, 1958.]

*Steers, Klee, Jay & Sullivan,* of Indianapolis, for appellants.

*Robert S. Smith* and *Bredell, Cooper & Martin,* all of Indianapolis, for appellee.

BOWEN, P. J.—Appellants filed a verified petition to intervene in the court below in an action wherein all of the appellees, Rudolph F. Grosskopf, and others,

were plaintiffs and the Marion County Plan Commission and R. Ray Fisher, as Building Commissioner, were defendants. In such action the appellees asked for a restraining order, temporary injunction, and an injunction against the proposed use of certain real estate and alleged that the action of the Marion County Board of Commissioners in purporting to amend the Marion County Master Plan Permanent Zoning Ordinance with reference to such real estate was arbitrary, capricious and unreasonable and constituted spot zoning in the selection of real property of one owner for special and preferred treatment, and asked that the Marion County Plan Commission and the Marion County Building Commissioner be enjoined from issuing a location improvement permit or other form of building permit. The petition to intervene on the part of the appellants alleged that the appellants, Fred Davidson and Herbert Davidson, were the owners of certain real estate located generally at the Northeast intersection of Roads 100 and 431; that prior to the time in question such real estate had been zoned as a R-1 or residential district; that the appellants filed a petition with the Marion County Plan Commission asking such Commission to recommend to the Board of Commissioners of Marion County that the zoning ordinance classifying such area as residential should be amended from a residential district to a business district; that after due notice such Plan Commission by resolution recommended that the real estate in question be rezoned and that said area be changed from a residential district to a business district, and that following the adoption of such resolution the Board of Commissioners by resolution and ordinance amended said Master Zoning Plan and rezoned such real estate from a residential district to a business district; that the other appellant besides the Davidsons

was a builder and contractor who desired to construct upon such real estate buildings to provide a community shopping center with five units for retail sales and personal service shops; that tenative leases had been entered into regarding such improvements and that a building permit had been issued relating to such real estate; that by reason of the action of the lower court the appellants have been unable to proceed in the construction and erection of improvements on such real estate.

The court below entered an order upon such petition to intervene as follows:

"Come now the parties by counsel and the Court having been duly advised in the premises hereby denies petitioners (appellants) petition to intervene."

The appellants filed assignment of errors in this court on the grounds that the court erred in denying and overruling the petition of appellants to intervene.

The appellees filed a motion to dismiss and a brief in support thereof, and the action of this court on such motion was deferred until the final determination of this cause.

Our statute regarding intervention, §2-222, Burns' 1946 Replacement, provides as follows:

"Making new parties—Right to intervene.—The Court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others or by saving their rights; but when a complete determination of the controversy can not be had without the presence of other parties, the court must cause them to be joined as proper parties. And when, in an action for the recovery of real or personal property a person not a party to the action, but having an interest in the subject thereof, makes application to the court to be made a party, it may order him to be made a party by the proper amendment. (Acts 1881 (Spec. Sess.), ch. 38, §24, p. 240.)"

Courts look with favor upon intervention in proper cases. *Gibault Home* v. *Terre Haute First Nat. Bank* (1949), 227 Ind. 410, 85 N. E. 2d 824; 39 Am. Jur., Parties, §57, p. 931.

The first order of the court in the instant case, made on April 2, 1956, as set out above, denied appellants' petition to intervene. On June 21, 1956, an entry was made which reads as follows:

"IT IS NOW THEREFORE, ORDERED, CONSIDERED, ADJUDGED AND DECREED, by the Court, that the petition of Fred Davidson, Herbert Davidson, and Samuel J. Kagan, to intervene as additional parties be and the same is hereby *overruled.*" (Our emphasis)

Appellants' intervening petition, which was denied, was verified and since such petition was denied without any consideration as to its merits or without hearing of evidence the allegations of such petition must be accepted as true.

Appellees insist that since such petition was filed some fourteen months after the denial of appellants' right to intervene, that it comes too late. The cause is still pending in the court below on its merits and, after more than a year had elapsed, neither the plaintiffs nor the defendants in the court below had taken any action to have the matter decided on the merits. The appellants herein sought to intervene, and in so doing they were seeking to assert a right to move for a hearing on the temporary injunction, submit evidence, and have the matter heard and determined upon the merits in the court below, and it is apparent that both plaintiffs and defendants are appellees in this appeal. It cannot be denied that appellants' real estate, as to the uses to which it may be put, is directly affected by this proceeding. Under such circumstances we are confronted with two main propo-

sitions: Did the court abuse its discretion in denying the right of the appellants to intervene, and were the orders of the court with reference thereto a final judgment from which an appeal will lie? It cannot be questioned under the authorities of this state that "an order denying a petition to intervene is a final judgment, from which an appeal will lie to this court." *Gerdenich, Admx.* v. *Goss* (1945), 115 Ind. App. 538, 60 N. E. 2d 603. By reason of the nature of an action by a trial court denying the right of a party to intervene, any rights which the party may have to intervene in such action are cut off completely when the request to intervene is denied. It must be recognized, however, that the intervention of a new party in an action is not a matter of right but is subject to the sound discretion of the trial court, *State ex rel. Tomlinson* v. *Jeffrey* (1952), 231 Ind. 101, 107 N. E. 2d 1, and there is no absolute right to intervene, except as provided in §2-222, *supra,* and the decisions interpreting same.

Our Supreme Court in the case of *Dodd* v. *Reese* (1940), 216 Ind. 449, 24 N. E. 2d 995, 128 A. L. R. 574, in discussing the statute relating to intervention states:

"This section has been held to vest the court with broad discretion in the admission of parties, and it has been generally said that a party should only be brought in or permitted to intervene when he is interested in the subject-matter of the action or a necessary party to the settlement of the controversy. It has been repeatedly held that the right to intervene is not limited to actions for the recovery of real or personal property. But the word 'interest' seems generally to have been considered as referring to some property interest; perhaps because the cases in which the intervention has been sought involve property rights."

It cannot be doubted that the property rights and the use of the property of the appellants Davidson and

Davidson, and the fact that appellant Kagan had been issued an improvement location permit, constituted a sufficient interest in the controversy to have justified the trial court in permitting them to intervene. The question, however, is not whether the court could have permitted such parties to intervene, but whether the court abused its discretion in refusing to permit such parties to intervene.

Simply stated, in the instant case we have a situation in the original action where owners of adjacent real estate are objecting to the use to which certain governmental units have authorized the appellants to make of their property under the zoning laws. To hold that they are not necessary and proper parties, and that the court did not abuse its discretion, would seem to amount to a travesty on justice. Certainly, when an administrative or executive authority has granted permission to a property owner to make a certain use of his property under the zoning laws, and other persons object to orders granting such permission, the property owner could not by any logical reasoning be held to have any less interest in such litigation than those who were objecting to such use of *his* property.

To hold that the property owner must sit back and depend upon administrative agencies of the government, appointed by the sovereign, to protect him in the uses which he may be permitted to make of his own property would strike a severe blow at the equal and individual property rights which now exist under our Constitution and laws.

The appellees insist that the rights of the appellants could be fully and adequately protected by the original parties to the litigation. That this is not being done is apparent from the facts of this record in that the parties, both plaintiff and defendant, had de-

layed the matter of taking further action in the principal controversy.

For the reasons given herein, the court properly denied appellees' motion to dismiss this appeal, and under the circumstances shown by the record we have reached the conclusion that the trial court erred in denying the petition to intervene, and the judgment of the lower court is reversed with instructions to permit the appellants, Fred Davidson and Herbert Davidson, to intervene in said cause. The judgment is affirmed as to the action of the court in denying appellant Samuel J. Kagan's petition to intervene.

NOTE.—Reported in 150 N. E. 2d 685.