MOORMAN ET AL. *v.* COX ET AL.

[No. 31,052. Filed October 19, 1966.]

*Zane E. Stohler, Hunter & Stohler,* of Union City, and *Raymond R. Tanner,* of Winchester, for appellants.

*Merrill W. Nichols,* of Winchester, for appellees.

JACKSON, J.—This case comes to us on petition to transfer from the Appellate Court under Acts 1933, ch. 151, § 1, p. 800, being § 4-215, Burns' 1946 Replacement, (See: *Moorman* v. *Cox* 196 N. E. 2d 581, and 197 N. E. 2d 320 for opinions of the Appellate Court) and is an appeal from a judgment of the Randolph Circuit Court which reads as follows:

> "The Court finds against the intervening petitioners and the prayer of their petition to be made parties defendant in this matter is denied.
>
> "As to each of the two paragraphs of complaint, the Court overrules the motion of the defendant, Edwin K. Steers, Attorney General, et al, to strike parts of the complaint and sustains the motion of said parties to require the plaintiff to state facts to support conclusions as to specifications No. 8, 9 and 11, and overrules said motions as to the other specifications therein contained."

The action below was instituted by the Board of Directors of the James Moorman Orphans Home against the Attorney General of the State of Indiana, et al., in which it is alleged, *inter alia,* that it is no longer possible to administer the charitable trust in accordance with the terms of the will creating the same because of changes in circumstances. The suit seeks to modify the trust under the cy-pres doctrine and to turn the remaining assets of the trust over to White's Institute.

The appellants claim to be descendants of residuary devisees under the will creating the trust and filed a petition to intervene in the proceedings. This petition admitted it was no longer possible to administer the trust created by the will, alleged that the trust had wholly failed and that by reason thereof appellants as residuary beneficiaries were entitled to all the trust property.

To the petition to intervene appellees filed motions to strike parts of the petition and to make other parts more specific, and to which petition to intervene the Attorney General filed an answer. The trial court, without ruling on the motions or hearing evidence, of its own motion, denied the petition to intervene. The sole issue presented by the petition to intervene and the issue here involved in the appeal is whether or not the appellants had a right to intervene and to be parties defendant in the original proceedings in the trial court.

From the action of the court below the appellants filed their appeal in the Appellate Court and for their Assignment of Errors set out four grounds:

"1. The Court erred in finding against Appellants upon their petition to intervene and to be made party defendants in said cause.

"2. The Court erred in denying the petition of Appellants to intervene and to be made party defendants in said cause.

"3. The Court erred in entering judgment against the Appellants on their petition to intervene and to be made party defendants in this cause, which judgment was rendered and entered in said cause on June 21, 1962.

"4. The Court erred in entering judgment refusing to permit and allow the Appellants to intervene and to be made party defendants in said cause."

The appellants have consolidated the assignments and supported them by one argument. The section of our statute relative to the right to intervene is found in Acts 1881 (Spec. Sess.), ch. 38, § 24, p. 240, § 2-222, Burns' 1946 Replacement and reads as follows:

"Making new parties—Right to intervene.—The Court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others or by saving their rights; but when a complete determination of the controversy can not be had without the presence of other parties, the court must cause them to be joined as proper parties. And when, in an action for the recovery of real or personal property, a person not a party to the action, but having an interest in the subject thereof, makes application to the court to be made a party, it may order him to be made a party by the proper amendment."

Under this statute, as we interpret it, parties seeking to intervene have the burden of showing that they have an immediate and direct interest in the subject matter of the action. *Gibault Home* v. *Terre Haute First Nat. Bank* (1949), 227 Ind. 410, 415, 85 N. E. 2d 824, 826.

This is the issue which the petition to intervene seeks to present in the trial court, to have heard and determined in that court. The issues may be either legal, factual or both. There may be a legal issue here as to whether or not a resulting trust arises by reason of the alleged inability to carry out the objectives of the trust as created by the will. There may be a legal issue here as to whether or not a possibility of a reverter exists under which appellants could claim a direct or substantial interest. There may be the legal issue of whether the cy-pres doctrine is applicable. There may be the factual issue of whether or not the parties seeking to intervene are, in fact, heirs, devisees, legatees or in any manner possessed of a direct or substantial interest. If they

are not, certainly they have no right to intervene, but that question of fact was not tried by the court. The petitioners seeking to intervene have a right to have the petition put at issue and to be heard thereon. This, it appears from the record, the court failed to do.

The order and judgment of the trial court denying the petition to intervene is reversed and this cause remanded with instructions to rule on the pending motions and permit the petition to be put at issue and determined.

Rakestraw, C. J., Arterburn and Myers, JJ., concur. Achor, J., not participating.

NOTE.—Reported in 220 N. E. 2d 525.