LEWIS *v.* BURKE, EXECUTOR.

[No. 1267A118. Filed December 9, 1968. Rehearing denied January 30, 1969. Transfer denied June 4, 1969.]

*Denmure & Denmure,* of Aurora, and *Robert S. Justice,* of Logansport, for appellant.

*Cooper, Cooper, Cooper & Cox, Chester Callis,* of Vevay, and *Frank E. Spencer,* of Indianapolis, for appellee.

COOPER, J.—This is an appeal from the Switzerland Circuit Court wherein the trial court sustained the motion for a new trial filed by the appellee herein. The appellant brings this appeal by virtue of Section 2-3201 (b), Burns' Indiana Statutes, Anno., and the assigned error on appeal is that the trial court erred in granting the appellee's motion for a new trial.

The general rule of law is well settled that on appeal all reasonable presumptions are indulged in favor of the rulings and judgment of the trial court. Generally speaking, if the action of the trial court is sustainable upon any theory, it must be affirmed. In support of this general rule, our Supreme Court in the case of *Ross, et al., v. Review Board of Indiana Employment Security Division* (1962), 243 Ind. 61, 65, 182 N. E. 2d 585, stated:

"As long as there is any substantial ground upon which the decision of the lower tribunal may be sustained on appeal, the judgment will not be reversed. The reviewing court may examine the entire record to sustain the lower court's action. The court does not search the record to reverse, although it may do so in order to affirm. *State ex rel Tittle v. Covington, etc., Schools* (1951), 229 Ind. 208, 96 N. E. 2d 334; *City of Ft. Wayne v. Bishop* (1950), 228 Ind. 304, 92 N. E. 2d 544; 2 I. L. E. *Appeals,* Sec. 461, p. 332, 333; F. W. & H. Ind. Tr. and App. Pract. 1961 Pocket Supp. Sec. 2783, p. 134."

See also *Snauffer v. Peoples Trust and Savings Co.* (1965), 140 Ind. App. 491, 212 N. E. 2d 165.

In reviewing the record now before us, we note that the appellants herein filed the following pleading designated as a "Petition".

"George C. Lewis for his petition now shows to the Court:

"1. That he is the owner and entitled to the possession of the following described real estate, to-wit:

"All of Lot No. 168 in the Original Town of Vevay and also the following described tract of land, to-wit: Beginning at a point 20 Ft. and 9 inches west on Market Street from the northwest corner of said above-named Lot No. 168; thence in a southerly direction on a straight line across Lots No. 297, 298, 299, 300 and 301 and through Lot No. 295, to the South line of said Lot No. 295, where the line contacts Front Street, 95 feet west of Union Street; thence easterly to the southeast corner of Lot 294 at Union Street; thence north to the northeast corner of said Lot No. 168 at Market Street; thence west along said Market Street to the place of beginning. The above description being all of said Lot No. 168 and 294 and part of Lots 167, 295, 297, 298, 299, 300 and 301, and all being in and a part on Original Plat of the Town of Vevay, Indiana.

"2. That the said real estate was given to this petitioner by Grace L. Copeland in the year 1957 by deed and was not her property at the time of her death in July, 1960, and is not a part of her estate.

"3. That all of the said real estate is now and since the death of the said decedent has been in the possession of Myers Burke, as Executor of the alleged Last Will and Testament of the said Grace L. Copeland, deceased, and is claimed by him to be part of the estate of said decedent and has been inventoried by him as a part of the said estate.

"4. That this petitioner has demanded the same from the said executor and the said demand has been denied and refused by the said executor.

"WHEREFORE, George C. Lewis now petitions the Court to enter an order against the said Executor to show cause why the said real estate so inventoried should not be stricken from the inventory herein and why the possession of all the real estate listed herein above should not be ordered released and delivered by the said executor to this petitioner."

We also note that there was filed by the heirs at law of the decedent Grace L. Copeland, a petition to intervene, which reads as follows:

"Comes now Grace M. Lewis, Marie Cunningham, Gladys I. Frossard and Carl C. Lewis, by their attorneys and petitions the Court and shows to the court as follows:

"1. That these petitioners are the heirs at law of Grace L. Copeland, deceased.

"2. That these petitioners have filed in the Switzerland Circuit Court their complaint to contest the purported Last Will and Testament of Grace L. Copeland, deceased, and also the purported codicil to said Last Will and Testament.

"3. That these petitioners believe that their action to contest said purported Last Will and Testament and codicil is meritorious, and when said action is successful, these petitioners, as the heirs at law of Grace L. Copeland, deceased, will inherit said decedent's property as provided by the laws of the State of Indiana.

"4. That on January 28, 1964, one George C. Lewis filed his petition with this Court, alleging in substance that the decedent, Grace L. Copeland, made valid gifts to said George C. Lewis, during the lifetime of said decedent, which petition requests that the personal representative deliver to said George C. Lewis all of such property.

"5. That these petitioners herein are interested in said petition of George C. Lewis, in that these petitioners assert that they are the lawful owners of said property as the heirs at law of said decedent.

"6. That these petitioners desire to intervene and be made parties defendant with reference to the above mentioned petition of George C. Lewis, and to be heard with reference to the allegations in said petition of said George C. Lewis.

"WHEREFORE, the petitioners herein, Grace M. Lewis, Marie Cunningham, Gladys I. Frossard and Carl C. Lewis, do hereby petition the Court to intervene and be made parties defendant with reference to the aforementioned petition of one George C. Lewis previously filed in this Court requesting that the real and personal property of the aforementioned petition of one George C. Lewis previously filed in this Court requesting that the real and personal property of the aforementioned decedent be delivered to him and for all other just and proper relief in the premises."

The record does not show that this petition to intervene was ever ruled upon by the trial court. We judicially know

that the attempted intervenors filed a motion to dismiss this appeal, alleging therein that they intervened in the proceedings below and that the appellant failed to name and include the intervenors as parties appellee or appellant in this appeal, and therefore the cause should be dismissed by virtue of Rule 2-2 of the Supreme Court. It appearing that none of the intervenors were made parties appellant or appellee of record, the motion to dismiss was ordered held in abeyance by this Court until the hearing on the merits.

In oral argument the parties were interrogated as to why the intervenors were not made parties, since it appears from the petition to intervene filed in the trial court and the motion to dismiss, filed in this Court, that the intervenors were heirs at law of Grace L. Copeland, deceased, had rights and interests in the real estate involved, and would be affected by the proceedings in the trial court. The appellant contended that the intervenors were never made parties below by the trial court, were at the trial only as curious observers, that they were not parties to the final order and judgment, and therefore were not necessary parties to this appeal.

Judge Jackson, speaking for our Supreme Court in passing on a similar fact situation concerning the right to intervene in the case of *Kenneth Moorman, et al., v. Henry O. Cox, et al.* (1966), 247 Ind. 647, 220 N. E. 2d 525, 527, stated:

"The section of our statute relative to the right to intervene is found in Acts 1881 (Spec. Sess.) ch. 38, § 24, p. 240, § 2-222, Burns' 1946 Replacement and reads as follows:

'Making new parties—Right to intervene—The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others or by saving their rights; but when a complete determination of the controversy can not be had without the presence of other parties, the court must cause them to be joined as proper parties. And when, in an action for the recovery of real or personal property a person not a party to the action, but

having an interest in the subject thereof, makes application to the court to be made a party, it may order him to be made a party by the proper amendment.'

"Under this statute, as we interpret it, parties seeking to intervene have the burden of showing that they have an immediate and direct interest in the subject matter of the action. *Gibault Home for Boys v. Terre Haute First Nat. Bank* (1949), 227 Ind. 410, 415, 85 N. E. 2d 824, 826.

"This is the issue which the petition to intervene seeks to present in the trial court, to have heard and determined in that court. The issues may be either legal, factual or both. There may be a legal issue here as to whether or not a resulting trust arises by reason of the alleged inability to carry out the objectives of the trust as created by the will. There may be a legal issue here as to whether or not a possibility of a reverter exists under which appellants could claim a direct or substantial interest. There may be the legal issue of whether the cy-pres doctrine is applicable. There may be the factual issue of whether or not the parties seeking to intervene are, in fact, heirs, devisees, legatees, or in any manner possessed of a direct or substantial interest. If they are not, certainly they have no right to intervene, but that question of fact was not tried by the court. *The petitioners seeking to intervene have a right to have the petition put at issue and to be heard thereon.* This, it appears from the record, the court failed to do." (Our emphasis.)

Thereafter the Supreme Court remanded the cause with instructions to the trial court to rule on the pending motions (which in that case were petitions to intervene) and permit the petitions to be put at issue and determined.

In view of the foregoing authorities, we are of the opinion that the trial court in this case committed reversible error in proceeding with the trial of this cause without first determining whether the petitioning intervenors had an immediate and direct interest in the subject matter of the action and whether they had the right to intervene.

For all of the above and foregoing reasons, the decision of the trial court in granting a new trial is affirmed, with in-

structions to the trial court to permit the petition to intervene to be put at issue and determined, and to proceed with the new trial.

Carson, C.J., Bierly, Smith, JJ., concur.

Prime, Cook, Pfaff, JJ., not participating.

Faulconer, J., dissents without opinion.

NOTE.—Reported in 242 N. E. 2d 382.