LAWRENCE H. HINDS AS TRUSTEE *v.* XEN MCNAIR, JR., ET AL.

[No. 171A6. Filed October 12, 1972.]

---

6. Ind. Ann. Stat. § 40-1410 (Burns 1965 Repl.), IC 1971, 22-3-3-27.

*John Beckman, Tinkham, Beckman, Kelly & Singleton,* of

Hammond, *Lawrence McTurnan, Bredell, Martin & McTurnan,* of Indianapolis, for appellant.

*Fred M. Cuppy, Thomas, Burke, Dyerly & Cuppy,* of Gary, *Max Cohen, Cohen & Thiros,* of Gary, for Norma McNair, *William Suarez,* of Gary, for Milan Uzelac, *Nesbitt & Fisher,* of Rensselaer, *Call, Call, Borns & Theodoros,* of Gary, for Xen McNair, Jr., *Robert A. Lucas, James A. Holcomb, Lucas, Clifford & Wildermuth,* of Gary, for John Parramore.

HOFFMAN, C.J.—This is an appeal from an order of the trial court overruling appellant's motion to intervene. Three issues must be resolved by this court. The first issue is whether the appellant's motion to correct errors was timely filed. The second issue is whether the parties to this appeal are bound by a prior opinion of the Supreme Court of Indiana. The third issue is whether the motion to intervene filed by appellant was properly overruled by the trial court.

This appeal culminates approximately twenty years of litigation. Therefore, the following factual background is here pertinent:

In *Hinds, Executor, Etc.* v. *McNair, et al.* (1955), 235 Ind. 34, 129 N. E. 2d 553, the plaintiff Lawrence H. Hinds was the Executor and Trustee of a judgment creditor of defendant Xen McNair, Sr. Hinds filed his complaint in four paragraphs in proceedings supplemental to execution alleging, in substance, (1) that McNair owned 1496 shares of common stock and 1500 shares of preferred stock of the Gary Real Estate Exchange, Inc.; (2) that McNair owned a farm and an apartment building, title of which he carried in the corporation's name; (3) that the Gary Real Estate Exchange, Inc. is McNair's *alter ego;* and (4) that McNair in reality owns the shares of stock above mentioned but falsely claims that he holds such stock as Trustee. Trial was to a jury, and the verdict and judgment were in favor of McNair. On appeal our Supreme Court held that as to paragraphs two

and three of the complaint there was sufficient evidence to support the verdict of the jury. As to paragraphs one and four of the complaint the evidence, as set forth in the opinion of our Supreme Court, was such that one of two alternatives must have existed. Either Xen McNair, Sr. held the stock in trust or he was the sole owner of the stock individually. In affirming the verdict of the jury, our Supreme Court disregarded the jury's answer to certain interrogatories propounded to it and, at 53 of 235 Ind., at 564 of 129 N. E. 2d, held:

> "Looking at the evidence most favorable to the appellee, McNair, in view of the verdict in his favor, there are here all the elements necessary to create a trust, with the legal title in McNair and the beneficial interest in the children of McNair and wife. The appellants alleged and raised the issue of frauduent concealment of *assets of McNair* by a fictitious trust in this case. The jury found in the negative and against appellants on all issues including that of fraudulent concealment, even if we assume he *originally* owned the stock which became the trust *res*. Therefore, the attack on the alleged trust fails and it stands unimpeached."

In 1963, the proceedings from which the instant appeal arose were initiated by Xen McNair, Jr. against Xen McNair, Sr. and others, for the purpose of removing Xen McNair, Sr. as Trustee of the trust. Thereafter, Norma McNair was substituted individually and as Executrix of the Estate of Xen McNair, Sr. Defendant Norma McNair, along with the other defendants, answered the amended complaints filed by plaintiff denying, *inter alia*, the existence of a trust.

Defendant Norma McNair filed a motion for summary judgment based on the nonexistence of any issue of material fact as to the existence of a trust. In overruling the motion for summary judgment the trial court entered the following finding on June 29, 1970:

> "The jury verdict and the Indiana Supreme Court decision in Hinds v. McNair (1955), 235 Indiana 34, 129 NE 2nd

553 establishes the fact for all eternity that on the day the case was tried, Xen McNair did not own any interest in the shares of stock of the Gary Real Estate Exchange, Inc.

"This trial Court finds that as a result of the above case, it is res judicata that a trust of all the shares of the Gary Real Estate Exchange existed on the date of trial."

Prior to the overruling of the motion for summary judgment Hinds, appellant herein, obtained a renewal of his judgment and filed a petition to intervene and requested a hearing thereon. The petition to intervene contained, *inter alia*, the following allegations:

"6. This intervenor and affiant claims an interest relating to the property which is the subject of the action in this court, and he is so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect his interest in the property, fund or transaction, unless his interest is adequately represented by existing parties.

"7. Since it appears that Norma McNair is sued individually as well as in her representative capacity as Executrix of the estate of Xen McNair, Sr., and it further appearing that she is presently involved in litigation in Benton County, Indiana, respecting an assignment of an interest in a trust which is claimed in this case, and since it further appears that negotiations have been carried on between Norma McNair and the plaintiff in this case, in an effort to settle their differences, a conflict may arise in the future by virtue of which Norma McNair, as Executrix would be in a position of conflict of interest with respect to defending against the claims of the plaintiff, to the detriment of this petitioner.

"8. The granting of this petition to intervene will enable petitioner to protect his own interests and may well eliminate the necessity of future litigation."

The trial court denied the request of the petitioner for a hearing on the petition to intervene and entered a *nunc pro tunc* order as of June 29, 1970, overruling the petition to intervene.

During a pre-trial conference the parties stipulated to "the order of trial necessitating evidence:

"ISSUE NO. 1: Whether or not the trust still exists.

"ISSUE NO. 2: Whether or not a valid assignment of a portion of the trust assets exists between Xen McNair, Jr. and Norma McNair.

"ISSUE NO. 3: Being the Previously Stated ~~issue~~ above No. ~~3~~ 5 which is held in abeyance."[1]

(Correction as appears in original.)

On July 7, 1970, trial was conducted to the court. In entering its judgment the trial court made the following findings which are here pertinent:

"The Court now finds that there has been no revocation, repudiation, modification or recision [rescission] of the trust the Court found to have been judicially established by the holding in Hinds v. McNair [(1955), 235 Ind. 34, 129 N. E. 2d 553], and now finds for the plaintiff, Xen McNair, Jr. and against the defendant, Norma McNair, individually and as executrix of the Estate of Xen McNair, Sr. on Issue Number 1.

\* \* \*

"The Court now finds that the remaining issues in this cause have been settled and compromised by the parties with the exception of Norma McNair in her capacity as Executrix, and said Settlement and Compromise Agreement is now submitted to the Court and approved. And the Court now finds that pursuant to said Settlement and Compromise Agreement, the beneficial interest in the trust referred to hereinabove is owned by the parties as follows:

Xen McNair, Jr.     42½%
John M. Parramore as Guardian for
    Virginia Reed Parramore, a minor     25%
Norma McNair, Individually     25%
Milan Uzelac     7½%

---

1. Stipulation No. 5 is as follows:

. "5. The claim against Xen McNair, Sr. for dissipation of assets of the Corporation of Gary Real Estate Exchange, Inc., wherein Norma McNair as Executrix was substituted as a party defendant, is held in abeyance until the ruling by the Court upon what is hereafter denominated as Issue 1 and Issue 2."

"The Court further finds that Norma McNair in her capacity as executrix has no interest in said trust.

"The Court now finds that Esther McNair, having died on January 7, 1968, and Xen McNair, Sr., having died on May 6, 1969, the trust is now ended and that pursuant to the terms of said trust as set out in the case of Hinds v. McNair, supra, the corpus of said trust should now be distributed to the beneficiaries thereof as set forth in these findings hereinabove."

On September 4, 1970, Hinds, the attempted intervenor, filed his motion to correct errors which was overruled by the trial court and Hinds has brought this appeal.

On appeal, the first issue is whether the motion to correct errors was timely filed.

Prior to the adoption of the present rules of Civil Procedure, the law was well established that the denial of a motion to intervene was an appealable order. *Weldon* v. *State* (1972), 258 Ind. 143, 279 N. E. 2d 554.

In the instant case, however, TR. 24(C), Indiana Rules of Procedure, is controlling and, in pertinent part, reads:

"The court's determination upon a motion to intervene may be challenged only by appeal from the final judgment or order in the cause."

While this specific language has not heretofore been judicially interpreted, it is patently clear. Furthermore, the comments of the Civil Code Study Commission as found in 2 Ind. Prac.—Rules of Civ. Proc., Harvey, at 396, read, in pertinent part, as follows:

"Under prior law the intervener who was denied relief was allowed to appeal directly from the order. State ex rel. Zilky v. Lake Superior Ct. (1961), 242 Ind. 128, 175 N. E. 2d 9; Davidson v. Grosskopf (1958), 128 Ind. App. 612, 150 N. E. 2d 685. However, this subdivision denies the right of appeal from the order of intervention, and permits the appeal to be taken only from the judgment in the principal action."

Although the prior rule of law is arguably more rational, we, as a court of review, cannot ignore or change the clear command of the Legislature expressed in TR. 24(C), ▇▇▇ *supra.* The appellant herein filed his motion to correct errors in the trial court within sixty days after judgment was entered in the cause, and under the above quoted language of TR. 24(C), *supra,* the motion to correct errors was timely filed.

A careful reading of *Hinds, Executor, Etc.* v. *McNair, et al.* (1955), 235 Ind. 34, 129 N. E. 2d 553, *supra,* can reasonably lead only to the conclusion that Xen McNair, Sr. held the property in question as Trustee.

In *Mayhew, Huston* v. *Deister et al.* (1969), 144 Ind. App. 111, at 121-122, 244 N. E. 2d 448, at 453-454, 16 Ind. Dec. 517 (transfer denied), the doctrine of *res judicata* was discussed as follows:

"The classical doctrine of res judicata precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction. Any issue necessarily decided in such litigation is conclusively determined as to the parties or their privies if it is involved in a later lawsuit on a different cause of action. * * * In this sense a party is one who is directly interested in the subject matter and had a right to make defense or to control the proceedings and to appeal from the judgment. *Tobin* v. *McClellan* (1947), 225 Ind. 335, 73 N. E. 2d 679. * * * A privy is one who after rendition of the judgment has required an interest in the subject matter affected by the judgment."

17 I. L. E., *Judgment,* § 371, at 408, states:

"[E]stoppel by verdict or estoppel by verdict or finding concludes the parties or their privies in a subsequent action as to any fact or question which was actually litigated in the original action. * * * The application of this rule requires a final judgment in the prior proceeding, identity of parties, and identity of the quality of parties, but it does not require identity of causes of action." (Footnotes omitted.)

In the instant case, the existence of a trust has been determined by the verdict of the jury and the entering of judgment thereon as affirmed by our Supreme Court in *Hinds, Executor, Etc.* v. *McNair, et al., supra.* The parties in the instant appeal are privies of the parties in the prior case, and the other requisite elements for the application of the doctrine of *res judicata* are present. Therefore, the parties herein are bound by the determination that a trust of the property herein in question existed at the time of the opinion in *Hinds, Executor, Etc.* v. *McNair, et al., supra.*

The final issue is whether the petition to intervene filed by appellant was properly overruled by the trial court.

The statutory authority for intervention is found in TR. 24, Indiana Rules of Procedure. Here we are concerned with TR. 24 (A) (2), *supra,* which provides as follows:

"(A) Intervention of right. Upon timely motion anyone shall be permitted to intervene in an action

\* \* \*

"(2) when the applicant claims an interest relating to a property, fund or transaction, which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect his interest in the property, fund or transaction, unless the applicant's interest is adequately represented by existing parties."

While the above statute has not been judicially interpreted by our Supreme Court or the Court of Appeals of Indiana, it is identical with Rule 24 (a) (2) of the Federal Rules of Civil Procedure, as amended in 1966. Most Federal Courts appear to have read this rule literally and have adopted the following threefold test:

"(1) the assertion of interest in the subject of the action, (2) a possibility that the disposition of the action may as a practical matter impede protection of the interest, and (3) inadequacy of representation of the interest by existing parties." *Diaz* v. *Southern Drill-*

*ing Corp.* (5th Cir., 1970), 427 F. 2d 1118, 1124 (Cert. denied, 400 U.S. 878).

In interpreting Item 1 of the above threefold test, the following cases are helpful. *Hobson* v. *Hansen* (D. D. C. 1968), 44 F. R. D. 18 (intervention requires a direct, substantial, legally protectable interest in the proceedings) ; and *Donaldson* v. *United States* (1971), 400 U. S. 517, 531, 91 S. Ct. 534, 542, 27 L. Ed. 2d 580 (the interest contemplated by Rule 24(a) (2), *supra,* is a significantly protectable interest).

With regard to Item 2 of the above threefold test, See : *Nuesse* v. *Camp* (D. C. Cir., 1967), 385 F. 2d 694 (in determining if the disposition of the action will impair or impede the intervenor's ability to protect his interest, the court must look to practicality rather than legality).

Where Items 1 and 2 of the test are satisfied, a third party may intervene as a matter of right "unless the applicant's interest is adequately represented by existing parties." *Cf. Smuck* v. *Hobson* (D. C. Cir., 1969), 408 F. 2d 175, 181, 132 U. S. App. D. C. 372 (burden of proving adequate representation is on existing parties), with *Trbovich* v. *United Mine Workers of America* (1972), 404 U. S. 528, 92 S. Ct. 630, 636, 30 L. Ed. 2d 686 (the requirement is satisfied if the applicant shows that representation may be inadequate; and the burden of making that showing should be treated as minimal).

The above case law, however, may be inapplicable where, as here, the intervenor's interest is identical with that of an existing party, *i.e.,* when there is formal representation by a fiduciary. See : *Bumgarner* v. *Ute Indian Tribe of Uintah and Ouray Res.* (10th Cir., 1969), 417 F. 2d 1305. In such instances representation is presumed adequate unless a compelling showing to the contrary is made. 7A Fed. Prac. and Proc., Wright and Miller, § 1909,

at 524. Even, however, where it appears that a party to a suit represents the identical interest of the intervenor, inadequate representation may, among other ways, be shown "by proof of collusion between the representative and an opposing party, by the representative having or representing an interest adverse to the intervenor, or by the failure of the representative in the fulfillment of his duty." *Stadin* v. *Union Electric Company* (8th Cir., 1962), 309 F. 2d 912, 919 (Cert. denied, 373 U. S. 915, 83 S. Ct. 1298, 10 L. Ed. 2d 415). *Accord: State ex rel. Indpls. Produce Terminal* v. *Davis, J.* (1962), 243 Ind. 55, 61, 182 N. E. 2d 589; *Barnard* v. *Kruzan* (1943), 221 Ind. 208, 46 N. E. 2d 238.

In the instant case the facts contained in the record before us are undisputed that the intervenor has an interest in the present litigation, to-wit: he holds a judgment which can be satisfied only by including in the estate the property which is the subject of the present litigation. For all practical purposes the appellant is in privity of interest with the executrix and will be bound by the decision of the court as to whether the trust was revoked . Finally, appellant's interest in the property was inadequately represented by the executrix because she, individually, compromised certain issues presented in the lawsuit and negotiated and accepted a settlement of 25% of the assets of the trust. Based on the foregoing authorities, we hold that appellant should have been allowed to intervene in the present lawsuit as a matter of law.

We reject the argument of appellee Parramore based on *Husted* v. *Sweeney* (1943), 113 Ind. App. 418, 48 N. E. 2d 1004, which is distinguishable from the instant case.

We further point out that the trial court committed reversible error in overruling appellant's petition to intervene without a hearing thereon.

In *Moorman* v. *Cox* (1966), 247 Ind. 647, at 650-651, 220 N. E. 2d 525, at 527, it is stated:

"Under this statute, as we interpret it, parties seeking to intervene have the burden of showing that they have an immediate and direct interest in the subject matter of the action. *Gibault Home* v. *Terre Haute First Nat. Bank* (1949), 227 Ind. 410, 415, 85 N. E. 2d 824, 826.

"This is the issue which the petition to intervene seeks to present in the trial court, to have heard and determined in that court. The issues may be either legal, factual or both. * * * The petitioners seeking to intervene have a right to have the petition put at issue and to be heard thereon. This, it appears from the record, the court failed to do.

"The order and judgment of the trial court denying the petition to intervene is reversed and this cause remanded with instructions to rule on the pending motions and permit the petition to be put at issue and determined." See also: *Lewis* v. *Burke* (1968), 143 Ind. App. 696, 242 N. E. 2d 382.

As hereinabove stated, the trial court denied the request of appellant for a hearing upon his petition to intervene and entered a *nunc pro tunc* order denying the petition. Under the foregoing authorities the trial court committed reversible error in overruling appellant's petition to intervene without first determining what interest the petitioner had in the litigation and whether his interest, if any, was being adequately represented by existing parties.

The judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this opinion.

Judgment reversed with instructions.

Sharp and Staton, JJ., concur.

NOTE.—Reported in 287 N. E. 2d 767.