INDIANA BANKERS ASSOCIATION, INC., Intervenor-Appellant,

v.

FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF EAST CHICAGO, Plaintiff-Appellee,

Theodore L. Sendak, Attorney General of the State of Indiana, Defendant-Appellee,

State Board of Accounts of Indiana, Defendant-Appellee,

Kenneth R. Beesley, State Examiner, Defendant-Appellee,

Charles W. Stout, Deputy Examiner, Defendant-Appellee,

Richard Worley, Deputy Examiner of the State Board of Accounts, Defendant-Appellee.

No. 3–978A227.

Court of Appeals of Indiana, Third District.

April 5, 1979.

Donald F. Elliott, Jr., Ice, Miller, Donadio & Ryan, Indianapolis, James L. Jorgensen, Hoeppner, Wagner & Evans, Valparaiso, for intervenor-appellant Indiana Bankers Ass'n, Inc.

Joseph L. Skozen, Skozen & Tebik, Munster, Lewis C. Bose, David R. Day, Bose & Evans, Indianapolis, for plaintiff-appellee First Federal Savings & Loan Ass'n of East Chicago.

Theodore L. Sendak, Atty. Gen. of Indiana, Indianapolis, for defendants-appellees.

GARRARD, Presiding Judge.

First Federal Savings & Loan Association of East Chicago (First Federal) initiated this action against the State Board of Accounts to secure a declaratory judgment and injunctive relief concerning Indiana statutes which permit banks, but not savings and loan associations, to serve as depositories of public funds.

The appellant, Indiana Banker's Association, Inc. (the Association) petitioned to intervene pursuant to Indiana Rules of Procedure, Trial Rule 24. It contended it was entitled to intervention as a matter of right under TR 24(A), or in the alternative, that it was a permissible intervenor under TR 24(B). The trial court denied intervention. The Association filed a motion to correct errors addressed to that ruling, which was denied, and this appeal followed. First Federal has moved to dismiss the appeal on the ground that the court's ruling is not an appealable order. Prior to adoption of the "new" Rules of Civil Procedure which became effective in 1970, the law in Indiana was clear that an order denying intervention was appealable as a final judgment while an order permitting it was not. Orders permitting intervention could be raised only after final judgment was had in the case. *Weldon v. State* (1972), 258 Ind. 143, 279 N.E.2d 554, 555–6.[1]

In *Hinds v. McNair* (1972), 153 Ind.App. 473, 287 N.E.2d 767, 770–1, this court noted the language of TR 24(C) which stated, "The court's determination upon a motion to intervene may be challenged only by appeal from the final judgment or order in the cause." The court considered the commission comment that this language changed the prior practice; observed that the prior rule was, at least arguably, more rational; and applied the new rule to *permit* an appeal of the ruling where the attempted intervenor waited until after judgment in the principal action to seek review.

We think these observations are in order. First, TR 24 provides considerably more detail to govern intervention than existed under the old code, Acts 1881 (Spec.Sess.) Ch. 38, § 24. This is especially true in the distinctions between permissive intervention and intervention as a matter of right.

Secondly, we are impressed with the practical logic of the prior cases concerning the party to whom intervention is denied. If a party is entitled to intervene pursuant to TR 24(A) and his application is denied, it appears likely that if he must await the outcome of the principal cause that either he will be denied a practical remedy or the other litigants and the court will have wasted time and resources in bringing the principal claim to a judgment.

Finally, none of the decisions consider the potential of AP 4(B)(5) which permits appeal from interlocutory orders where both the trial court and the appellate court find on petition that:

"(a) The appellant will suffer substantial expense, damage or injury if the order is erroneous and the determination thereof is withheld until after judgment, or

(b) The order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case, or

(c) The remedy by appeal after judgment is otherwise inadequate. The petition for an appeal under subsection (5) of subdivision (B) of this rule shall not stay proceedings in the trial court unless the trial court judge or the court on appeal or a judge thereof shall so order, and such

---

1. The operative events in *Weldon* all occurred prior to January 1, 1970.

order may be made conditional upon the furnishing of a bond or security protecting the appellee against loss incurred thereby, if any."

■ We believe the purpose of AP 4(B)(5) was to strike a rational balance and that it was designed to afford a basis for relief depending upon the facts and circumstances of the given case. Accordingly, we hold that the provisions of TR 24(C) and AP 4(B)(5) should be construed together, and that AP 4(B)(5) takes precedence to the extent that it provides appellant a procedural avenue for review of the court's ruling.

To the extent that *Hinds v. McNair, supra,* may be read to imply a contrary result, it is modified to conform to the view we express herein.

■ We therefore dismiss this appeal with leave to appellant to petition for review of the interlocutory order denying its petition to intervene pursuant to AP 4(B)(5).

HOFFMAN and STATON, JJ., concur.