LAWYERS TITLE INSURANCE CORP., Appellant,

v.

C & S LATHING AND PLASTERING CO., INC., and The Sanborn Electric Company, Appellees.

No. 1–1179A326.

Court of Appeals of Indiana, First District.

May 13, 1980.

Rehearing Denied June 20, 1980.

Douglas R. Bridges, Barbara B. Benson, Berry, Smith & Bridges, Bloomington, for appellant.

Scott E. Fore, Rogers, McDonald & Grodner, Bloomington, for appellees.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Appellant Lawyers Title Insurance Corp. appeals the Monroe Circuit Court's refusal to grant a hearing on Lawyers Title's motion for relief from judgment and other motions relating to a suit in which appellees C & S Lathing and Plastering Co., Inc., and The Sanborn Electric Co. were parties.

Reversed and remanded.

## STATEMENT OF THE FACTS

In 1966, Bloomington Motor Inn, Inc., entered into a contract with McIntyre Brothers Construction Company, as the general contractor, for the construction of a motel on certain land in Monroe County, Indiana. McIntyre then entered into subcontracts with C & S Lathing and Plastering Co., Inc., and the Sanborn Electric Co. in connection with the motel project. Unbeknown to C & S and Sanborn, McIntyre entered into a no-lien contract with Hoosier Inn, Inc.,[1] in 1967, in which McIntyre waived all rights to mechanic's liens for work performed both before and after execution of this contract. Subsequently, C & S and Sanborn timely filed their notices of intention to hold a mechanic's lien. McIntyre defaulted on its subcontracts with C & S and Sanborn. In 1968, C & S brought an action in the Monroe Circuit Court to foreclose its mechanic's lien, and Sanborn, as a cross-complainant, likewise sought to have its mechanic's lien foreclosed. Judgments were granted in favor of C & S and Sanborn against McIntyre, Hoosier Inn, and others on February 21, 1977.

On September 22, 1978, C & S and Sanborn filed a notice of partial satisfaction of judgment in the amount of $52,000.00. On April 6, 1979, the Clerk of the Monroe Circuit Court ordered that the real estate upon which the liens had been held be sold by the Monroe County Sheriff within ninety days to satisfy the judgment. Lawyers Title, as title insurer of the real estate, paid the $18,393.80 balance of the judgment in order to prevent the sheriff's sale.[2] On May 2, 1979, the Monroe Circuit Court ordered that the sheriff's sale be cancelled. C & S and Sanborn had their actions dismissed with prejudice on May 9, 1979.

On July 25, 1979, Lawyers Title, believing that the previous payment of $52,000.00 was actually intended to be an accord and satisfaction, filed a motion to re-docket the dismissed lawsuit, a motion to intervene, a motion to reinstate cause, a motion for relief from judgment, and a motion for production of documents and correspondence. On July 31, the court, without a hearing, overruled all of the motions except for the motion to re-docket. Lawyers Title filed its motion to correct errors on August 3, 1979, and the court overruled the motion on the same day.

## ISSUE

The sole issue raised by Lawyers Title is whether or not the trial court's refusal to grant Lawyers Title a hearing on its motion for relief from judgment and other motions constituted an abuse of discretion.

---

1. The nature of the relationship between Hoosier Inn and Bloomington Motor Inn is not clear in the record of this cause. However, in the original lawsuit the trial court found that Hoosier Inn benefitted from services and materials provided by C & S and Sanborn.

2. The record does not reveal who the title insurance policyholder was or how Lawyers Title's apparent liability for the balance of the judgment arose.

## DISCUSSION

Lawyers Title has indicated on appeal that its belief that the payment by McIntyre of $52,000.00 was in fact an accord and satisfaction has two bases. First, it suggests that C & S and Sanborn delayed their filing of the notice of partial satisfaction of judgment for some time after payment was made. Second, Lawyers Title points to the response of C & S and Sanborn to an earlier order for production of documents and correspondence.[3] Lawyers Title contends, in essence, that the documents and correspondence produced by C & S and Sanborn in response to the order were, in certain respects, incomplete, thus giving rise to an inference that the $52,000.00 represented an accord and satisfaction.

Lawyers Title maintains that it has made a prima facie meritorious showing that the judgment has been satisfied and discharged prior to Lawyers Title's payment of the balance apparently owing. Consequently, Lawyers Title asserts that the trial court abused its discretion in denying its motion for relief from judgment under Ind. Rules of Procedure, Trial Rule 60(B)(7), and its other motions without holding a hearing. Lawyers Title also argues that the overruling of its motion to intervene was an abuse of discretion.

C & S and Sanborn contend that (1) Lawyers Title failed to preserve for appeal the question of the trial court's overruling of its motion to intervene, (2) intervention is a condition precedent to relief from judgment under T.R. 60(B) and Lawyers Title failed to demonstrate that intervention should be granted, and (3) assuming that intervention were proper, the trial court did not abuse its discretion in denying Lawyers Title relief from the judgment.

■ We agree with C & S and Sanborn that obtaining permission to intervene is a prerequisite to a motion for relief from judgment. Trial Rule 60(B) states that "[o]n motion and upon such terms as are just the court may relieve a *party* or his legal representative from a final judgment, . . . ." (Our emphasis.) However, we find that Lawyers Title preserved for appeal the question of the trial court's failure to hold a hearing on the motion to intervene, although a more thorough discussion of that question in the memorandum in support of the motion to correct errors and in the appellant's brief would have been helpful.

■ Lawyers Title's motion to intervene purports to be filed pursuant to Ind.Rules of Procedure, Trial Rule 24(C).[4] Paragraph (C) provides for intervention after judgment for the purpose of filing a motion under T.R. 60. However, it has been held that intervention under T.R. 24(C) is subject to the requirements of T.R. 24(A)[5] and

---

**3.** It appears from the record that after judgment a mortgagee of the property in question sought to intervene. The trial court overruled the motion, but it granted a stay of the sheriff's sale pending the mortgagee's appeal. The mortgagee posted a supersedeas bond on which the Aetna Casualty and Surety Company was the surety. The mortgagee's appeal was unsuccessful, and C & S and Sanborn attempted to recover the balance of the judgment from the bond. During this subsidiary action, Aetna filed a motion for production of documents and correspondence regarding the payment of $52,000.00 for the reason that it was unable to determine its liability in the matter without more information. The trial court entered its order for production of documents and correspondence on February 26, 1979. It is to C & S's and Sanborn's response to this order that Lawyers Title refers. C & S and Sanborn apparently abandoned their effort to recover the

balance of the judgment from the supersedeas bond.

**4.** "(C) Procedure. A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and set forth or include by reference the claim, defense or matter for which intervention is sought. Intervention after trial or after judgment for purposes of a motion under Rules 50, 59, or 60, or an appeal may be allowed upon motion. The court's determination upon a motion to intervene may be challenged only by appeal from the final judgment or order in the cause."

**5.** "(A) Intervention of right. Upon timely motion *anyone shall be permitted to intervene in* an action:
"(1) when a statute confers an unconditional right to intervene; or
"(2) when the applicant claims an interest relating to a property, fund or transaction

(B).[6] *Bryant v. Lake County Trust Co.,* (1975) 166 Ind.App. 92, 334 N.E.2d 730. Paragraph (A) provides for intervention of right, and paragraph (B) provides for permissive intervention. Lawyers Title has not specified which form of intervention it seeks. However, in Lawyers Title's motion (or "petition") to intervene, it alleged, in pertinent part,

"2. That petitioner paid the alleged balance due upon a Judgment in this cause of action as insurer of title of the real estate that was about to be sold at sheriff's sale for that purpose.

"3. That this Court entered its Order of Dismissal of this cause with prejudice on May 9th, 1979.

. . . . . .

"5. That upon being allowed to intervene herein and obtaining reinstatement of this cause, your petitioner will file a Trial Rule 60 B 7 motion and request discovery and an evidentiary hearing to determine the issue of whether the Judgment herein had been satisfied and discharged prior to the payment made by your petitioner.

"6. That your petitioner has done all that is required to entitle it to the relief herein requested and has exhausted all other remedies to obtain the relief."

It appears from these allegations that intervention of right is being sought. More than just a common question of law or fact is at issue under Lawyers Title's assertion that it paid out money to satisfy judgment which had already been satisfied. Such an assertion is more in the nature of a claim that its ability to protect an interest in a fund has been impaired or impeded. *See* T.R. 24(A)(2).

In *Hinds v. McNair,* (1972) 153 Ind.App. 473, 481–82, 287 N.E.2d 767, 772, *modified on another ground, Indiana Bankers Ass'n. v. First Federal Savings & Loan Ass'n.,* (1979) Ind.App., 387 N.E.2d 107, the Third District of this court adopted the following threefold test used by most federal courts in determining whether intervention should be granted under Fed.R.Civ.P. 24(a)(2) (1966), which is similar to T.R. 24(A)(2):

" '(1) the assertion of interest in the subject of the action, (2) a possibility that the disposition of the action may as a practical matter impede protection of the interest, and (3) inadequacy of representation of the interest by existing parties.' *Diaz v. Southern Drilling Corp.* (5th Cir., 1970), 427 F.2d 1118, 1124 (Cert. denied, 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115)."

Furthermore, T.R. 24(A) expressly states that a motion for intervention of right must be timely. C & S and Sanborn have vigorously argued that Lawyers Title's motion was not timely. Our examination of the record of this case, however, leads us to the conclusion that the information available to the trial court was inadequate to make a determination of timeliness. It is not clear, for example, when Lawyers Title first learned of its potential liability under the insurance policy it had issued or when it first had reason to believe that the so-called partial satisfaction may have been intended to be a satisfaction and accord. Similarly, a determination of whether or not Lawyers Title was adequately represented in the earlier proceedings would also require more

---

which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect his interest in the property, fund or transaction, unless the applicant's interest is adequately represented by existing parties."

**6.** "(B) Permissive intervention. Upon timely filing of his motion anyone may be permitted to intervene in an action:

"(1) when a statute confers a conditional right to intervene; or

"(2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive administrative order, the governmental unit upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

information than was made available to the trial court.

In *Moorman v. Cox*, (1966) 247 Ind. 647, 220 N.E.2d 525, the board of directors of an orphanage brought an action against the Attorney General of Indiana to have a charitable trust modified under the *cy pres* doctrine. Persons claiming to be descendants of residuary devisees under the will creating the trust attempted to intervene under former Burns' Ind.Stat.Ann. § 2–222 (Repl. 1946), alleging that, because the trust had wholly failed, they were entitled to the trust property. The trial court denied the petition to intervene without an evidentiary hearing. Although § 2–222 did not expressly require a hearing and there apparently was no request for a hearing, the Supreme Court unequivocally said, "The petitioners seeking to intervene have a right to have the petition put at issue and to be heard thereon." 247 Ind. at 651, 220 N.E.2d at 527.

More recently, in *Hinds v. McNair, supra*, the Third District, relying upon *Moorman*, held that the trial court erred in overruling a petition to intervene without a hearing. Trial Rule 24(A)(2), rather than Burns' Ind. Stat.Ann. § 2–222, governed intervention in *Hinds*. While it is true that a hearing on the petition to intervene was requested in *Hinds*, this fact does not appear to have been determinative of the holding.

Although Lawyers Title did not request a hearing, we hold that, in light of the legal and factual questions in this case, the trial court committed reversible error by not holding a hearing on the motion to intervene. We are aware of the danger of prejudice to the original parties when a new party intervenes after judgment to raise new questions of law or fact rather than simply to appeal. Because of this potential prejudice, it has been said that "any attempt to intervene after judgment is disfavored, and a showing of extraordinary or unusual circumstances must be made to justify such an attempt." *Bryant v. Lake County Trust Co., supra*, 166 Ind.App. at 101, 334 N.E.2d at 735. We do not wish to imply that intervention should or should not

be granted. That is a decision which must be made by the trial court after a thorough hearing based upon the requirements of T.R. 24(A)(2).

Reversed and remanded.

ROBERTSON, P. J., and NEAL, J., concur.