**E. N. MAISEL AND ASSOCIATES,**
Intervenor-Appellant,

v.

**CANDEN CORPORATION, an Indiana Corporation; Meadows Associates, an Indiana Limited Partnership; and Pioneer National Title Insurance Company, a Corporation, Appellees.**

No. 3–977A217.

Court of Appeals of Indiana,
Third District.

Jan. 17, 1980.

Duane W. Hartman, Blachly, Tabor, Bozik & Hartman, Valparaiso, Robert R. Tepper, Rosenthal & Schanfield, Chicago, Ill., for intervenor-appellant.

Alfred E. McClure, James W. Greives, McClure & Rosenthal, Lafayette, for appellees Meadows Associates and Canden Corp.

Joseph S. Reid, Hammond, for appellees Pioneer Nat. Title Ins. Co. and Meadows Associates.

GARRARD, Judge.

Appellant E. N. Maisel and Associates (Maisel) appeals from a judgment of the trial court removing it as a party and ordering a sheriff's deed vacated.

This action was before the trial court for foreclosure of the mortgage of Pioneer National Title Insurance Corporation (Pioneer) upon a shopping center owned by appellee Canden Corporation (Canden). The court entered judgment in favor of Pioneer and ordered the equity of redemption of Canden and all other persons claiming under it foreclosed and ordered the property sold by the sheriff to satisfy the outstanding liens.

After this judgment but before the sale, Pioneer entered into a contract for the sale of the shopping center to Maisel, conditioned upon Pioneer receiving a sheriff's deed for the property. Pioneer also entered into some arrangement with Canden, Meadows Associates[1] or counsel for Canden for the payment of the mortgage held by Pioneer.

Pioneer and Meadows Associates filed a motion and complaint to set aside the sheriff's deed. Maisel filed a motion to intervene which was granted ex parte.[2] The trial court, after objection to the intervention, granted a motion to reconsider the motion for intervention. After hearings, the court removed Maisel as a party and ordered the deed set aside since no party other than Maisel objected to the setting aide of the sheriff's deed.

Maisel contends that it was entitled to intervene as a matter of right under Indiana Rules of Procedure, Trial Rule 24(A)(2).[3]

TR 24(A)(2) establishes a threefold test for intervention as a matter of right:

1. An applicant must claim an interest in the subject matter of the action;

2. He must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and

3. His interest must not be adequately represented by existing parties.

*Vernon Fire and Casualty Co. v. Matney* (1976), Ind.App., 351 N.E.2d 60; *Hinds v. McNair* (1972), 153 Ind.App. 473, 287 N.E.2d 767; *U. S. v. Perry County Board of Education* (5th Cir. 1978), 567 F.2d 277; *U. S. Postal Service v. Brennan* (2d Cir. 1978), 579 F.2d 188.

An applicant seeking intervention must claim an interest in the proceedings that is immediate and direct. *Moorman v. Cox* (1966), 247 Ind. 647, 220 N.E.2d 525. Maisel's claimed interest in the shopping center arises from a contract of sale. The interest of a contract purchaser is sufficient for the purposes of intervention. Pioneer and Meadows contend that Maisel has no interest in the shopping center because the contract is either void or has been rescinded. Disposition of this controversy should not be made in ruling on a motion to intervene unless it is clear as a matter of law that Maisel has no interest. The facts alleged in a motion to intervene must be taken as true. The merits of the claim are not to be determined but must be taken as

---

1. Meadows Associates is a limited partnership comprised of the counsel for Canden and Canden's sole stockholder.

2. The motion was actually filed six days before Pioneer filed its motion.

3. "(A) Intervention of right. Upon timely motion anyone shall be permitted to intervene in an action

*   *   *   *   *   *

(2) when the applicant claims an interest relating to a property, fund or transaction, which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect his interest in the property, fund or transaction, unless the applicant's interest is adequately represented by existing parties."

true, at least in the absence of sham, fraud or other similar objections. *Otis Elevator Co. v. Standard Construction Co.* (D.C.Minn. 1950), 10 F.R.D. 404; *Clark v. Sandusky* (7th Cir. 1953), 205 F.2d 915; Wright & Miller, 7A Federal Practice and Procedure § 1914. The decision on a motion to intervene turns on the sufficiency of the claim asserted. *Otis, supra; Dalva v. Bailey* (S.D. N.Y.1957), 158 F.Supp. 204.

TR 24(A)(2) also provides that an applicant may not intervene unless the disposition of the action may impair or impede his ability to protect his interest and no other party adequately represents his interests. Maisel's interest in the shopping center was conditioned upon Pioneer receiving a sheriff's deed at the sale. If the deed were to be set aside, Pioneer would be able to argue that Maisel has no rights to the property since the condition was not satisfied. There is no doubt that vacation of the deed will impair Maisel's ability to protect its interest. Nor is there any question that the existing parties would not adequately represent Maisel's interest. All existing parties joined in the attempt to set aside the deed. Only Maisel objected to such action.

Thus, it is clear that Maisel was entitled to intervene as a matter of right in the proceeding to set aside the sheriff's deed. Inasmuch as the trial court set aside the deed without affording Maisel an opportunity to be heard, the judgment setting aside the deed must be reversed.

Judgment of the trial court is reversed and this cause remanded for further proceedings consistent with this opinion.

HOFFMAN and STATON, JJ., concur.