Yvonne C. HILES, Appellant–Defendant,

v.

Joan NULL, Appellee–Plaintiff,

and

Sandra L. Lynch, and Donald G. Heintz, Appellees–Third Party Plaintiffs.

No. 02A03–9812–CV–531.

Court of Appeals of Indiana.

Sept. 29, 1999.

James D. Streit, Shambaugh, Kast, Beck & Williams, LLP, Fort Wayne; Indiana, Attorney for Appellant.

Sandra L. Lynch, Donald G. Heintz, Fort Wayne, Indiana, Attorney for Appellee.

## OPINION

STATON, Judge

Yvonne Hiles ("Hiles") appeals the trial court's order setting aside a judgment entered against Joan Null ("Null") in 1993. Hiles raises two issues on appeal, one of which is dispositive. We restate it as: whether the trial court erred by granting Sandra Lynch's and Donald Heintz's (referred to collectively hereinafter as the "Lynches") motion to intervene.

We reverse.

In 1997, the Lynches purchased a parcel of real property, commonly referred to as 3810 Geneva Street ("the Geneva Property"), from the estate of Null. The Geneva Property is encumbered by a lien Hiles obtained as a result of a judgment entered against Null on May 28, 1993. In an effort to remove the lien from the Geneva Property, the Lynches filed a "Motion to Be Included as Third Party Plaintiff's [sic] and for a Release of Judgment" on March 18, 1998. Record at 66. This motion was filed in the cause of action that resulted in the 1993 judgment. The trial court treated this as a motion to intervene and granted it. The Lynches subsequently filed a motion to set aside the 1993 judgment, arguing that it was fraudulently obtained and that improper notice was given to Null and her attorney. The trial court granted the motion to set aside; this appeal ensued. Additional facts are provided as needed.

Hiles contends that the trial court erred by granting the Lynches' motion to intervene. The grant or denial of a petition to intervene is within the discretion of the trial court. We will reverse the trial court's decision only if it is clearly against the logic and effect of the facts and circumstances before the court. *Heritage House of Salem, Inc. v. Bailey*, 652 N.E.2d 69, 73 (Ind.Ct.App.1995), *trans. denied.*

In reviewing the trial court's exercise of its discretion, the facts alleged in the motion must be taken as true. *United of Omaha v. Hieber,* 653 N.E.2d 83, 88 (Ind.Ct.App. 1995), *trans. denied.*

■ Here, the Lynches sought to intervene almost five years after a judgment in order to file a motion to set aside the judgment under Ind. Trial Rule 60(B). Ind. Trial Rule 24(C) specifically permits intervention after a judgment for purposes of a T.R. 60 motion. However, the intervention must be supported by either subsection (A) or (B) of T.R. 24, governing intervention of right and permissive intervention, respectively. Furthermore, a petition to intervene after a judgment is disfavored. *Board of Comm'rs of Benton County v. Whistler,* 455 N.E.2d 1149, 1153 (Ind.Ct.App.1983), *trans. denied; Bryant v. Lake County Trust Co.,* 166 Ind.App. 92, 334 N.E.2d 730, 735 (1975), *trans. denied.* A showing of extraordinary or unusual circumstances must be made to justify intervention after a judgment. *Id.*

■ The Lynches did not designate their motion as one for intervention of right. Thus, we review the court's decision as one of permissive intervention. *United of Omaha,* 653 N.E.2d at 88.[1] T.R. 24(B) provides, in pertinent part: "Upon timely filing of his motion anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common." We must decide whether the Lynches' claim or defense and the main action have a question of law or fact in common.

The main action arose from a dispute between Null and Hiles about the ownership of a parcel of real estate commonly known as 3414 S. Calhoun Street ("the Calhoun Property"). Hiles eventually obtained a judgment against Null. Hiles received immediate possession of the Cal-

houn Property and a money judgment in the amount of $30,446.33. It is this money judgment that forms the basis of the judgment lien on the Geneva Property, which the Lynches purchased from Null's estate after the lien had attached. The Lynches were not a party to the main action, nor do they claim that they had any direct interest in the Calhoun Property or the issues that resulted in the judgment. The Lynches' only interest in the main action stems from the fact that the judgment resulted in a lien on the Geneva Property and that Hiles is now attempting to collect her judgment by foreclosing on the Geneva Property.

■ The Lynches' "claim or defense" for purposes of T.R. 24(B)(2) is a defense to Hiles' foreclosure action. Their defense is that the judgment lien on the Geneva Property is invalid because the judgment underlying the lien was procured by fraud and without proper notice to Null and her attorney. However, such a defense would have been an improper collateral attack on the judgment of another court if the Lynches had raised it in the foreclosure action. A collateral attack is "a judicial proceeding pursued to avoid, defeat, evade or deny the validity and effect of a valid judgment or decree." *In re Chapman,* 466 N.E.2d 777, 780 (Ind.Ct.App.1984), *trans. denied.* "Generally, the judgment of a court of general jurisdiction is presumed valid until set aside and is not subject to collateral attack *unless procured as a result of fraud.*" *Id.* (emphasis added).

The Lynches have asserted that the judgment in the main action was procured by fraud; thus, it could be argued that the exception applies here. However, our review of the case law regarding the fraud exception reveals that persons in the Lynches' position may not avail themselves of the exception. Our supreme court's decision in *Hogg v. Link,* 90 Ind. 346 (1883), is on point.

---

1. We add that the Lynches limit their argument on appeal to permissive intervention under T.R. 24(B)(2).

Link and Hogg both claimed title to the same real estate, and Link sued Hogg to quiet his title. Link had purchased the real estate directly from Ruffner. Hogg had purchased the real estate at a marshal's sale following the execution of a money judgment he had obtained against Ruffner in the federal district court for Indiana. Hogg obtained his judgment prior to Link's purchase of the land from Ruffner, but the marshal's sale occurred after Link's purchase. Link claimed in his suit to quiet title that Hogg had fraudulently obtained the judgment against Ruffner, and accordingly, that the judgment could not sustain the sale of the real estate at the marshal's sale. The trial court concluded that the federal court judgment was fraudulently obtained and granted Link's request to quiet title. Hogg appealed.

Our supreme court stated the issue on appeal as follows: "whether [Link] could properly be permitted to attack [Hogg's] judgment against Ruffner, by proving that it was procured by fraud." *Id.* at 349. The court held:

> Ruffner was not a party to [Link's] suit. [Link] did not and could not complain of the judgment on Ruffner's behalf, but he sought to protect his own interest in the land against [Hogg's] claim of title through the sale and conveyance of the land to him, under his judgment. At the time of its rendition, the judgment did not affect any of the rights of [Link.] Afterward [Ruffner] conveyed the land to [Link] by warranty deed in fee simple.
>
> Could [Link] ask a court to interfere in his behalf, as against the conveyance to [Hogg], under his judgment?
>
> [Link] received his conveyance, with constructive notice of [Hogg's] judgment lien, and it does not appear from the finding whether or not he had actual notice, if that could affect the matter.
>
> It does not appear that there was any collusion in the procurement of the judgment for the purpose of defrauding [Link].

> The burden was upon [Link] to impeach [Hogg's] title. He does not, upon the facts stated, appear to have any right to attack that title.

*Id.* at 350–51. Thus, our supreme court held that Link, as a subsequent purchaser of real estate encumbered by a judgment lien, could not attack the judgment underlying the lien.

■ The Lynches find themselves in a position quite similar to that of Link. Applying *Hogg* to the facts of this case makes clear that the Lynches cannot defend against Hiles' foreclosure action by arguing that the judgment underlying her lien on the Geneva Property was procured by fraud. Because the Lynches' defense is invalid, it would be an abuse of the intervention rule to permit the use of such a defense to create an issue of fact or law in common with the main action for the purpose of intervening in that action. The rule against collateral attack cannot be circumvented in this fashion.

We note that if Null's estate wishes to attack the 1993 judgment, it can do so, and the Lynches might benefit therefrom. *See Frankel v. Garrard*, 160 Ind. 209, 66 N.E. 687, 689 (1903) (purchasers of real estate encumbered by a judgment lien can obtain an injunction suspending the sale of the property while the judgment debtor's suit attacking the judgment is pending). However, the Lynches cannot relieve themselves of the judgment lien on the Geneva Property by raising claims that belong to Null or her estate.

The trial court abused its discretion by permitting the Lynches to intervene. Because the Lynches were not proper parties, the trial court's grant of the Lynches' motion to set aside the 1993 judgment must be vacated.

Reversed.

NAJAM, J., and RUCKER, J., concur.