In re REMONSTRANCE APPEALING ORDINANCE NOS. 98–004, 98–005, 98–006, 98–007 AND 98–008, OF the TOWN OF LIZTON, Indiana.

Reece R. and Carolyn S. Fuehrer, and Gary and Bonnie J. DeGolyer, Appellants–Intervenors,

v.

William and Conceta Storm and Anna Shelton, Appellees–Remonstrators.

No. 32A01–0001–CV–27.

Court of Appeals of Indiana.

Oct. 13, 2000.

Judy L. Woods, Bernie W. Keller, Bose McKinney & Evans, Indianapolis, Indiana, Attorneys for Appellants.

Jeffrey A. Townsend, Plews Shadley Racher & Braun, Indianapolis, Indiana, Attorney for·Appellee.

## OPINION

SHARPNACK, Chief Judge

Reece R. Fuehrer, Carolyn S. Fuehrer, Gary DeGolyer, and Bonnie J. DeGolyer (collectively, "Landowners"), appeal the trial court's denial of their motion to intervene and the trial court's granting of William Storm, Concetta Storm, and Anna Shelton's (collectively, "Remonstrators") motion for partial judgment on the pleadings. Landowners raise three issues, which we consolidate and restate as:

1) whether the trial court abused its discretion when it denied Landowners' motion to intervene; and

2) whether the trial court erred when it granted the Remonstrators' motion for partial judgment on the pleadings.

We reverse.

The relevant facts follow. On May 4, 1998, the Town of Lizton ("the Town") adopted five ordinances, each of which annexed separate parcels of land. The five parcels were designated as parcels one, two, three, four, and five. Parcel one is contiguous to the Town's borders, but the other four are not. Landowners own parcels three, four, and five.

On July 13, 1998, Remonstrators filed suit against the Town seeking a declaratory judgment that the five annexation ordinances were void. On January 25, 1999, Landowners moved for the trial court's permission to intervene in the suit, alleging that the annexation dispute would have a material impact on the value of their property. On March 5, 1999, Remonstrators filed a motion for partial judgment on the pleadings, challenging the annexation of parcels two, three, four, and five.

The trial court held a hearing on Landowners' motion to intervene on March 23, 1999. At that hearing, the Town announced that it did not oppose Remonstrators' motion for partial judgment on the pleadings. Subsequently, the trial court issued an order in which it denied Landowners' motion to intervene and granted Remonstrators' motion for partial judgment on the pleadings. The trial court later dismissed the case entirely.

### I.

The first issue is whether the trial court abused its discretion when it denied Landowners' motion to intervene. Landowners assert that they should have been permitted to intervene because they had an interest in the litigation and were not adequately represented by any of the parties.

The grant or denial of a motion to intervene is within the discretion of the trial court. *Hiles v. Null,* 716 N.E.2d 1003, 1004 (Ind.Ct.App.1999). We will reverse the trial court's decision only if it is clearly against the logic and effect of the facts and circumstances before the court. *Id.* In reviewing the trial court's exercise

of its discretion, the facts alleged in the motion must be taken as true. *Id.* at 1005.

Landowners claim that they were entitled to intervene as a matter of right. Intervention as a matter of right is governed by Ind. Trial Rule 24(A), which provides:

(A) Intervention of right. Upon timely motion anyone shall be permitted to intervene in an action:

(1) when a statute confers an unconditional right to intervene; or

(2) when the applicant claims an interest relating to a property, fund or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect his interest in the property, fund or transaction, unless the applicant's interest is adequately represented by existing parties.

Ind. Trial Rule 24(A).

Thus, in order to intervene as a matter of right, Landowners must show: (1) that they have an interest in the subject of the action; (2) that the disposition of the action may as a practical matter impede protection of their interest; and (3) that representation of their interest by existing parties is inadequate.[1] *See Developmental Disabilities Residential Facilities Council v. Metropolitan Dev. Comm'n*, 455 N.E.2d 960, 963–964 (Ind.Ct.App.1983).

■ We begin with the first element of the test, which is whether the Landowners have an interest in the subject of the action. An applicant seeking intervention must claim an immediate and direct interest in the proceedings. *Id.* at 893. Put succinctly, the intervenor of right "must have an interest recognized by law that relates to the subject of the action in which intervention is sought." *Id.* (quoting *State*

*ex rel. Prosser v. Indiana Waste Sys.*, 603 N.E.2d 181, 187 (Ind.Ct.App.1992)).

■ Here, Landowners own three of the five parcels that were annexed by the Town. Consequently, their property is the focus of Remonstrators' suit against the Town. The annexation of Landowners' property or the invalidation of the annexation ordinance could affect the value of their property in a number of ways. Thus, because Landowners' property is the subject of the dispute, they have an immediate and direct interest in the litigation. *See, e.g., Heritage House of Salem, Inc. v. Bailey*, 652 N.E.2d 69, 74 (Ind.Ct.App.1995) (determining that a nursing home management company had an interest in litigation between another nursing home company and a state agency because the litigation directly affected the manner in which Medicaid regulations would apply to the intervening company's nursing homes), *reh'g denied, trans. denied.*

■ We now turn to the second element of the test, which is whether the disposition of the lawsuit may, as a practical matter, impede the Landowners' ability to protect their interest. Where the interests of intervenors would not be impaired as a practical matter, intervention may be properly denied. *Bryant v. Lake County Trust Co.*, 334 N.E.2d 730, 736, 166 Ind. App. 92, 103 (Ind.Ct.App.1975), *reh'g denied.*

■ Here, Landowners asked the Town to annex their property because they wanted to build a housing development and needed to connect their property to the Town's sewer lines. At the hearing on Landowners' motion to intervene, the Town noted, "[Landowners are] as much or more so the real party in interest here because if they are not annexed in, then obviously they cannot build their addition." Record, p. 154. This evidence demon-

---

1. The timeliness of the request is another factor that also must be considered. *In re Paternity of E.M.*, 654 N.E.2d 890, 892 (Ind.Ct. App.1995). However, in this case neither party addresses the timeliness of Landowners' petition. Consequently, we shall confine our discussion to the three factors discussed above.

strates that Landowners had an interest in seeking the annexation of their property and that the disposition of Remonstrators' declaratory judgment action may have impeded their ability to protect their interests. *See, e.g., Heritage House,* 652 N.E.2d at 74.

■ The third element of the test for intervention as of right is whether representation of Landowners' interests by the existing parties is inadequate. In this case, Remonstrators and Landowners are at cross-purposes, and therefore Remonstrators are clearly not adequate representatives of Landowners' interest. The Town and Landowners initially shared the same interest because both parties sought to uphold the annexation ordinances. However, at the hearing on Landowners' motion to intervene, the Town and the Landowners asserted different positions. The Landowners argued in favor of their motion to intervene and, in passing, challenged Remonstrators' standing to bring a declaratory judgment action, thereby defending the annexation of their property. In contrast, the Town stated that it did not oppose Remonstrators' pending motion for partial judgment on the pleadings, thereby agreeing that the ordinances that annexed Landowners' property should be invalidated. As this evidence shows, the Town and Landowners had taken opposing positions at the time of the hearing on Landowners' motion to intervene, and Landowners were the only parties willing to uphold the validity of the ordinances. Thus, Landowners' interest in defending the annexation of their property was no longer adequately represented by any of the parties to the suit. *See, e.g., Heritage House,* 652 N.E.2d at 74.

■ To summarize, we hold that Landowners were entitled to intervene in the case as a matter of right because Landowners had a direct·interest in the subject of the case, they could not effectively de-fend that interest without intervening, and the other parties did not adequately represent their interest.[2] *See id.* Consequently, we reverse the judgment of the trial court on this issue.

## II.

The second issue is whether the trial court erred when it granted the Remonstrators' motion for partial judgment on the pleadings. Landowners argue that the trial court erroneously granted Remonstrators' motion without permitting Landowners to argue against it.

The case of *E.N. Maisel & Associates* governs this issue. *E.N. Maisel & Assoc. v. Canden Corp.,* 398 N.E.2d 1366 (Ind.Ct. App.1980). In that case, a company that had purchased a shopping center subject to the seller receiving a sheriff's deed for the center moved to intervene in a case in which the seller sought to set aside the sheriff's deed, thereby voiding the sale. *Id.* at 1367. The trial court did not permit the company to intervene, and because no other party objected, the trial court granted the seller's motion and set aside the deed. *Id.* We reversed the trial court's refusal to permit the company to intervene, determining that the company should have been permitted to intervene as of right. *Id.* at 1368. Furthermore, we determined that "[i]nasmuch as the trial court set aside the deed without affording [the intervenor] an opportunity to be heard, the judgment setting aside the deed must be reversed." *Id.*

■ Here, Landowners were entitled to intervene in Remonstrators' suit, and the trial court did not afford Landowners an opportunity to specifically address Remonstrators' motion for partial judgment on the pleadings. The trial court had ordered Landowners to file a brief in response to Remonstrators' motion by April 8, 1999, and had scheduled a hearing on Remon-

---

**2.** Because we determine that Landowners were entitled to intervene as of right pursuant to Ind. Trial Rule 24(A), we need not consider whether the trial court should have permitted Landowners to intervene pursuant to Ind. Trial Rule 24(B).

strators' motion for April 15, 1999, but the trial court's order of March 25, 1999, granting Remonstrators' motion eliminated the need for the response brief and argument. Because the trial court granted Remonstrators' motion for partial judgment on the pleadings without affording Landowners an opportunity to be heard, the grant of the motion must be reversed.[3] See id.

For the foregoing reasons, we reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.

Reversed.

BAKER, J. and VAIDIK, J. concur.

---

3. We express no opinion on the merits of the trial court's ruling on Remonstrators' motion for partial judgment on the pleadings. Furthermore, due to our resolution of the case, we need not address Landowners' arguments that Remonstrators lack standing to challenge the annexation ordinances and that the dispute over the annexation of parcels two through five is moot because Remonstrators ended their challenge to the annexation of parcel one.