**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 14 2012, 8:49 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK A. BATES**
Schererville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RONALD G. BECKER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1112-CR-539 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Thomas P. Stefaniak, Jr., Judge
Cause No. 45G04-9702-CF-37

**June 14, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Ronald G. Becker ("Becker") appeals an order, upon a motion to correct error by the Indiana Department of Correction ("the DOC"), as Intervenor, vacating a determination that Becker was entitled to relief from reporting and registration requirements applicable to a sexually violent predator ("SVP"). We affirm.

**Issue**

Becker presents four issues for review, which we consolidate and restate as a single issue: whether he, by operation of law, is a SVP and thus required to comply with statutory requirements applicable to a SVP.

**Facts and Procedural History**

On January 7, 1998, Becker was found guilty of Criminal Deviate Conduct, as a Class B felony.[1] On March 5, 1998, he was sentenced to six years imprisonment. Becker was subsequently released from prison, and began to register annually as a sex offender, as prescribed by Indiana Code Section 11-8-8-14(a).[2]

On January 14, 2008, he filed a motion for a hearing on sex offender registration relief. Becker sought relief from compliance with the amendments to the sex offender registration act. More specifically, a provision of Indiana Code Section 11-8-8-14, which became effective July 1, 1998, required the trial court to determine whether a person

---

[1] Ind. Code § 35-42-4-2.

[2] The 1997 version of the Indiana Sex Offender Act required an offender to register with local law enforcement agencies and to disclose detailed personal information for ten years after the latter of his release from prison, placement on parole, or placement on probation.

2

convicted of a sex offense was a SVP (who would then be required to register for an indefinite period). An amendment in 2003 required registration for life. Indiana Code Section 11-8-8-19(b) (2010) now requires ninety-day registration, reporting, and photography for a SVP. Becker asserted that the sentencing court had made no finding that he is a SVP.[3]

On February 28, 2008, the trial court issued an order that Becker was to register annually as opposed to every ninety days. On May 26, 2011, Becker filed a motion seeking clarification of the February 2008 order, in that the order had not specified whether Becker was to register for ten years or for life. Becker and the State executed an agreed entry, approved by the trial court on June 10, 2011, providing in relevant part:

> The State of Indiana and the Defendant acknowledge that Ronald G. Becker has followed all the appropriate laws regarding Sexual Offender Registration for the last ten (10) years and as of January 1, 2011 pursuant to Indiana Code [11-8-8-19(a)] listed above, is no longer required to make further registration.

(App. 26.) On July 5, 2011, the DOC filed a motion to intervene, and a motion to correct error seeking vacation of the June 2011 order. Citing Indiana Code Section 35-38-1-7.5 and Lemmon v. Harris, 949 N.E.2d 803 (Ind. 2011), the DOC asserted that Becker is a SVP by operation of law, having committed a qualified offense and having been released from prison after June 30, 1994. On August 16, 2011, the trial court granted the DOC's motion to intervene, pursuant to Indiana Trial Rule 24. The trial court advised the parties, by written

---

[3] The registration act as amended in 2006 provided that a person is a SVP if he commits a qualifying offense or "suffers from a mental abnormality or personality disorder that makes the individual likely to repeatedly engage in any of the offenses described[.]" Ind. Code § 35-38-1-7.5(a). As amended in 2007, the registration act provides that a person is a SVP by operation of law if the offense committed is a qualifying offense and the person was released from incarceration, secure detention, or probation for the offense after June 30, 1994. Ind. Code § 35-38-1-7.5(b).

entry, that a ruling on the motion to correct error would be forthcoming by November 1, 2011.[4]

On November 1, 2011, the trial court vacated its order of June 10, 2011, finding Becker to be a SVP by operation of law, "remain[ing] under an obligation and duty under Indiana State law to register on the Indiana Sex and Violent Offender Registry." (App. 96.) This appeal ensued.

## Discussion and Decision

### Standard of Review

In general, we review a trial court's ruling on a motion to correct error for an abuse of discretion. City of Indianapolis v. Hicks, 932 N.E.2d 227, 230 (Ind. Ct. App. 2010), trans. denied. However, to the extent that the issues raised on appeal are questions of law, we review a case de novo. Id.

### Analysis

Becker contends that the order on motion to correct error, setting aside the prior order upon agreed entry, is reversible on both substantive and procedural grounds. More specifically, he argues that his crime is distinguishable from that of the appellee in Lemmon, and that the trial court's 2008 order was not timely challenged.

On June 28, 2011, the Indiana Supreme Court held that the status of a sex offender (Harris) who committed his crimes before the Legislature created the status of "sexually

---

[4] Indiana Trial Rule 53.3(D) provides that "The Judge before whom a Motion to Correct Error is pending may extend the time limitation for ruling for a period of no more than thirty (30) days by filing an entry in the cause advising all parties of the extension."

4

violent predator" changed by operation of law. Lemmon, 949 N.E.2d at 804. The Court further determined that this change, with the effect of converting Harris's ten-year registration requirement into a lifetime-registration requirement, did not violate Indiana's prohibition on ex post facto laws or the doctrine of separation of powers. Id.

Upon deciding that the Legislature had intended a non-punitive regulatory scheme, the Court went on to determine whether the effects of applying the regulatory scheme of the 2007 amendment were punitive as to Harris. Id. at 810. The Court considered the seven factors previously set forth in Wallace v. State, 905 N.E.2d 371 (Ind. 2009):

> [1] Whether the sanction involves an affirmative disability or restraint, [2] whether it has historically been regarded as punishment, [3] whether it comes into play only on a finding of scienter, [4] whether its operation will promote the traditional aims of punishment – retribution and deterrence, [5] whether the behavior to which it applies is already a crime, [6] whether an alternative purpose to which it may rationally be connected is assignable for it, and [7] whether it appears excessive in relation to the alternative purpose assigned.

Id. at 379. Becker points out that his qualifying offense (criminal deviate conduct), unlike that of Harris (child molesting involving sexual intercourse or deviate sexual conduct with a child under age fourteen), requires scienter. See Ind. Code § 35-42-4-2 (providing that a person who knowingly or intentionally causes another person to perform or submit to deviate sexual conduct … commits criminal deviate conduct). Accordingly, although he admits that his offense was a qualifying offense and that he was released from prison after June 30, 1994, Becker focuses solely upon the third Wallace factor, relative to scienter, and contends that the amended regulatory scheme is punitive as to him and unconstitutional as applied.

5

Becker highlights a distinction that makes no difference. The holding of Lemmon did not arise from the examination of an isolated factor. The Court considered "whether the designation of sexually violent predator came into play only on a finding of scienter" and acknowledged past reluctance to conclude that "the few non-scienter exceptions imply a non-punitive effect as a whole." Id. at 812. Indeed, the Court determined that the factor (as well as two others) militated toward finding the registration act to be punitive. Id. at 813. Nonetheless, a full examination of all factors caused the Court to conclude that the act was non-punitive and its application to Harris was not unconstitutional. Id.

Although Becker rightfully claims that the third Wallace factor as applied in his case leans toward a determination that punitive legislation was enacted, this was also true for Harris. With respect to the third factor, Becker is placed in no different position. He has not demonstrated that the registration act, as applied to him, is unconstitutional. Consistent with our Supreme Court's determination in Lemmon, we conclude that Becker's status was changed, by operation of law, to that of SVP.[5]

Becker also complains that, because the DOC failed to intervene for years after a court order limited his reporting requirements, the State is procedurally precluded from challenging those orders now. The DOC intervened in this action only after the agreed judgment was entered in 2011. Becker accurately asserts that an intervention after judgment binds the intervenor to all prior orders and judgments in the case. See Mercantile Nat'l Bank of Ind. v.

---

[5] Although Becker must now comply with the reporting, registration, and photography requirements for a SVP, he has a statutory right to petition for a court-ordered change of status such that he does not have to comply with those requirements in the future. See Ind. Code § 35-38-1-7.5(g).

Teamsters Union Local No. 142 Pension Fund, 668 N.E.2d 1269, 1271 (Ind. Ct. App. 1996) (holding that agreed judgments entered by the trial court before the intervention "were conclusive as adjudications by the parties" and the intervenor was "bound by those judgments").

As such, the intervenor "takes the case as he finds it," and is not permitted to litigate matters already determined in the case. State Farm Mut. Auto Ins. Co. v. Hughes, 808 N.E.2d 112, 116 (Ind. Ct. App. 2004). Intervention after judgment is disfavored and should not be used to circumvent the general rule against collateral attacks on judgments. Hiles v. Null, 716 N.E.2d 1003, 1005 (Ind. Ct. App. 1999).

Nonetheless, Becker's status changed not because of action on the part of the DOC, but by operation of law. Becker was convicted of Criminal Deviate Conduct, as a Class B felony, a qualifying offense for SVP registration requirements, and he was released from prison after June 30, 1994. The trial court correctly recognized that, based upon the statutory criteria, Becker is a SVP. The granting of the motion to correct error was in accordance with the law.

Affirmed.

ROBB, C.J., and MATHIAS, J., concur.