**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Sep 05 2014, 9:07 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS:

**SCOTT A. NORRICK**
Scott A. Norrick, P.C.
Anderson, Indiana

ATTORNEYS FOR APPELLEES:
M.S. & S.S.:

**RYAN H. CASSMAN**
**CATHY M. BROWNSON**
Coots, Henke & Wheeler, P.C.
Carmel, Indiana

ATTORNEYS FOR APPELLEE
IND. DEPT. OF CHILD SERVICES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ROBERT J. HENKE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE ADOPTION OF E.H. and M.H., | ) | |
| | ) | |
| S.H. and B.S., | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| vs. | ) | No. 27A02-1401-AD-35 |
| | ) | |
| M.S. and S.S. and THE INDIANA | ) | |
| DEPARTMENT OF CHILD SERVICES | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE GRANT SUPERIOR COURT 2
The Honorable Dana J. Kenworthy, Judge
Cause No. 27D02-1209-AD-30

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

S.H. and B.S. appeal the order of the Grant Superior Court denying their motion to intervene in the adoption case in which the court granted the petition of M.S. and S.S. to adopt the minor children E.H. and M.H.  On appeal, S.H. and B.S. claim that the trial court abused its discretion in denying their motion to intervene for purposes of filing a motion for relief from judgment which sought to overturn the trial court's adoption order.

We affirm.

**Facts and Procedural History**

S.H. is the biological paternal grandmother, and B.S. the biological paternal aunt, of a group of four siblings, including the two children at issue in the current appeal: E.H. and M.H.  Prior to the adoption proceedings, the children had been found to be children in need of services ("CHINS"), and placed in the custody of S.H.[1]  On May 11, 2010, the parental rights of the children's biological parents were terminated.  After being in the custody of S.H. for approximately one and one-half years, the children were removed from S.H. in April 2011 due to allegations of physical abuse.  At that point, the children were placed in the foster care of M.S. and S.S., the current adoptive parents.

At a placement hearing in the CHINS case held on February 22, 2012, counsel for the Department of Child Services informed the court and counsel for S.H. and B.S. that there would be no action taken on adoption without notifying S.H. and B.S.  According to

---

[1]  B.S. lived in Colorado, and according to the DCS, had visited the children infrequently.

S.H. and B.S., DCS never informed them of the adoption petition filed on September 28, 2012, by the then-foster parents, M.S. and S.S.[2] However, counsel for DCS testified that she did inform S.H. and B.S.'s counsel regarding the adoption petition. Regardless, neither S.H. nor B.S. ever filed a petition to adopt the children. The DCS consented to the adoption of the children by the foster parents. On October 23, 2012, the trial court granted the adoption petition, and M.S. and S.S. became the adoptive parents of all four children.

On January 10, 2013, S.H. and B.S. filed a joint motion to intervene for purposes of filing a motion for relief from judgment under Trial Rule 60(B), seeking custody of only two of the four children, i.e. E.H. and M.H. Both the DCS and the adoptive parents filed responses. After various pleadings were filed and continuances were sought and granted, the trial court held a hearing on the matter on December 17, 2013. Three days later, the trial court entered an order denying the motion to intervene and dismissing the motion for relief from judgment. S.H. and B.S. now appeal.

**Discussion and Decision**

Here, S.H. and B.S. appeal from the trial court's denial of their motion to intervene. Such motions are governed by Indiana Trial Rule 24, which provides:

> **(A) Intervention of Right.** Upon timely motion anyone shall be permitted to intervene in an action:
>> (1) when a statute confers an unconditional right to intervene; or
>> (2) when the applicant claims an interest relating to a property, fund or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or

---

[2] At this time, E.H. and M.H. had been in the custody of the foster parents for over fourteen months.

impede his ability to protect his interest in the property, fund or transaction, unless the applicant's interest is adequately represented by existing parties.

**(B) Permissive Intervention.** Upon timely filing of his motion anyone may be permitted to intervene in an action:

(1) when a statute confers a conditional right to intervene; or

(2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive administrative order, the governmental unit upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

**(C) Procedure.** A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and set forth or include by reference the claim, defense or matter for which intervention is sought. Intervention after trial or after judgment for purposes of a motion under Rules 50, 59, or 60, or an appeal may be allowed upon motion. The court's determination upon a motion to intervene shall be interlocutory for all purposes unless made final under Trial Rule 54(B).

Ind. Trial Rule 24.

S.H. and B.S. claim only that they had a right to intervene under Trial Rule 24(A), and make no argument regarding permissive intervention under Trial Rule 24(B). With regard to Trial Rule 24(A), a trial court is required to grant a party's timely motion to intervene as a matter of right if the party shows: (1) an interest in property which is the subject of the action, (2) that disposition of the action may practically impair that interest, and (3) that no existing party is adequately representing the moving party's interest. Citimortgage, Inc. v. Barabas, 975 N.E.2d 805, 812 (Ind. 2012) (citing T.R. 24(A)(2)),

4

reh'g denied.  "The trial court has discretion to determine whether a prospective intervenor has met its burden.  Thus, we review the trial court's ruling on a motion to intervene for abuse of discretion and assume that all facts alleged in the motion are true."[3] Id.

Furthermore, a petition to intervene after a judgment is disfavored.  Hiles v. Null, 716 N.E.2d 1003, 1005 (Ind. Ct. App. 1999).  Accordingly, the party seeking to intervene must make a showing of "extraordinary or unusual circumstances . . . to justify intervention after a judgment."  Id.  This is especially true in adoption cases.  We have long acknowledged that "'finality of [adoption] decrees is desirable in order to prevent the emotional strain which would otherwise be imposed upon both the adoptive child and parents, making it difficult for a normal parent-child relationship to develop.'"  M.R. ex rel. Ratliff v. Meltzer, 487 N.E.2d 836, 840-41 (Ind. Ct. App. 1986) (quoting Risner v. Risner, 243 Ind. 581, 582, 189 N.E.2d 105, 106 n.1 (1963)); see also In re Adoption of T.L.W., 835 N.E.2d 598, 601 (Ind. Ct. App. 2005) (noting, in review of trial court's denial of motion for relief from judgment of adoption decree, that biological father's recent discovery of adoption of his children was not an "extraordinary circumstance in light of the need for stability and permanency in [the children's] lives.").

---

[3]  S.H. and B.S. challenge only the trial court's denial of their motion to intervene, and claim that the trial court erred in summarily denying their motion for relief from judgment only because of its denial of the motion to intervene; they do not separately argue that the trial court erred in denying their motion for relief from judgment.  Because we conclude that the trial court did not err in denying the motion to intervene, we also conclude that it properly dismissed the motion for relief from judgment, as S.H. and B.S. were not proper parties absent intervention.

S.H. and B.S. argue in a conclusory manner that they met their burden of showing an interest in the "property" that is the subject of the adoption proceeding, that the disposition of the adoption proceeding may practically impair their interest, and that no existing party to the adoption is adequately representing their interest. However, they cite no authority in support of their position. And, in fact, the weight of the authority is against them.

This court has noted before that the rights of grandparents vis-à-vis their grandchildren are derivative of the rights of the parents. See In re Adoption of I.K.E.W., 724 N.E.2d 245, 249 (Ind. Ct. App. 2000) ("the grandparents' right derives from and is secondary to the parents' right."). And we have explicitly held before that "'noncustodial grandparents are *not* entitled to intervene in adoption proceedings.'" In re Adoption of Z.D., 878 N.E.2d 495, 498 (Ind. Ct. App. 2007) (emphasis added) (quoting I.K.E.W., 724 N.E.2d at 249); cf. In re Adoption of B.C.H., 7 N.E.3d 1000, 1005 (Ind. Ct. App. 2014) (noting the "common law history of disfavoring the right of any party other than a child's parents to object to an adoption.").

Here, by the time the adoption petition had been granted and the motion to intervene filed, the parental rights of the biological father had been terminated. Any rights that S.H. and B.S. had with regard to the children were derivative of the rights of the biological father and therefore were also terminated at that time the biological father's rights were terminated. For this reason alone, we cannot say that the trial court erred in denying the motion to intervene.

Neither are we persuaded by S.H. and B.S.'s argument that they have a right to intervene because they were parties to the CHINS proceedings. S.H. and B.S. cite no statute or other authority to support their position that their status as parties to the CHINS proceedings gave them a right to intervene in the adoption case. To the contrary, it is well established that CHINS proceedings are separate and distinct from adoption proceedings. See In re Adoption of J.D.B., 867 N.E.2d 252, 256 (Ind. Ct. App. 2007) ("'An action for adoption and a CHINS proceeding . . . are separate actions which affect different rights.'") (quoting In Matter of Adoption of T.B., 622 N.E.2d 921, 924 (Ind. 1993)).[4]

In summary, under the facts and circumstances presented here, we cannot say that the trial court abused its discretion in denying the motion to intervene filed by S.H. and B.S.

Affirmed.

RILEY, J., and CRONE, J., concur.

---

[4] To the extent that S.H. and B.S. claim a right to intervene based on the representations of DCS's counsel that they would be given notice of any adoption proceedings, we again disagree. The appellants cite no authority for the proposition that the representations of a DCS official in a CHINS hearing create a right to intervene in a subsequent adoption proceeding. Moreover, there was evidence presented at the hearing on the motion to intervene that DCS's counsel did give such notice by informing S.H. and B.S.'s counsel of the petition to adopt filed by the then-foster parents.