## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Sep 18 2015, 9:11 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Scott J. Fandre
Krieg DeVault LLP
Mishawaka, Indiana

ATTORNEY FOR APPELLEE WELLS

Thomas B. Trent
Rothberg Logan & Warsco LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

U.S. Bank Trust National Association, as Trustee of American Homeowner Preservation Trust Series 2014A,

*Appellant-Intervenor*

Rex A. Wells,

*Appellee-Petitioner,*

v.

Tera Klutz, not individually but as Auditor of Allen County; and Susan Orth, not individually but as Treasurer of Allen County,

*Appellees-Respondents*

September 18, 2015

Court of Appeals Case No. 02A05-1503-MI-122

Appeal from the Allen Circuit Court

The Honorable Thomas J. Felts, Judge

Trial Court Cause No. 02C01-1411-MI-853

**Baker, Judge.**

[1] A tax sale of a parcel of real estate left surplus funds totaling over $11,000. The current holder of the deed to the real estate petitioned for an award of the surplus funds. U.S. Bank Trust National Association (U.S. Bank) filed a motion to intervene, claiming that it was the current mortgage holder of the property and that it was entitled to the surplusage. The trial court denied the motion to intervene. We reverse that order, finding that U.S. Bank has claimed a sufficient interest to be entitled to intervene in the litigation. We express no opinion about U.S. Bank's substantive right to the surplus funds. Instead, we remand to the trial court so that it may determine which entity is entitled to receive those funds.

# Facts

[2] At the heart of this appeal is a dispute regarding the chain of title and the identity of the current mortgage holder of a parcel of real estate located in Allen County (the Real Estate). A tax sale of the Real Estate took place on October 2, 2013.[1] Following the tax sale and payment of delinquent taxes, a surplus remained totaling $11,298.84.

---

[1] The tax purchaser is not a party to this appeal.

[3] On February 1, 2014, Vera Pattern executed a quitclaim deed for the Real Estate; selling it to Eilatan Financial, Inc. (Eilatan), for $500. Rex Wells is the president of Eilatan.

[4] At some point after the one-year redemption period had expired, a tax deed to the Real Estate was issued to Eilatan. On November 5, 2014, Wells filed a petition requesting that the tax sale surplus be awarded to Eilatan. On November 13, 2014, the trial court granted the petition.

[5] On November 21, 2014, U.S. Bank filed a motion to intervene and set aside the order granting Eilatan's petition. U.S. Bank alleged that it was the holder of a mortgage on the Real Estate and, as such, that it was entitled to the surplus funds. Following a hearing, the trial court summarily denied U.S. Bank's motion to intervene on February 23, 2014, and reaffirmed its order granting Eilatan's petition. U.S. Bank now appeals.

## Discussion and Decision

[6] U.S. Bank contends that the trial court erroneously granted its motion to intervene. We review a trial court's order on a motion to intervene for an abuse of discretion. *Hedrich Petroleum Corp. v. Radford*, 773 N.E.2d 319, 324 (Ind. Ct. App. 2002). When reviewing the trial court's order, the facts alleged in the motion to intervene must be taken as true in the absence of sham or fraud. *United of Omaha v. Hieber*, 653 N.E.2d 83, 88 (Ind. Ct. App. 1995); *E.N. Maisel & Assocs. v. Canden Corp.*, 398 N.E.2d 1366, 1367-68 (Ind. Ct. App. 1980).

Indiana Trial Rule 24(A)(2) provides that a party may intervene as of right in pending litigation when:

> the applicant claims an interest relating to a property, fund or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect his interest in the property, fund or transaction, unless the applicant's interest is adequately represented by existing parties.

The only issue in this appeal is whether U.S. Bank has sufficiently claimed an interest related to the Real Estate. To meet that burden, it must show that it has an interest recognized by law that is related to the subject of the action where intervention is sought. *State ex rel. Prosser v. Ind. Waste Sys., Inc.*, 603 N.E.2d 181, 187 (Ind. Ct. App. 1992).

In this case, U.S. Bank has put forth a chain of title that would render it the current holder of a mortgage on the Real Estate. Wells concedes that if U.S. Bank is the current mortgage holder, it would be entitled to the surplus funds. Wells argues, however, that there are at least three other possible chains of title that lead to a conclusion that an entity other than U.S. Bank is the current mortgage holder. As such, Wells insists that the trial court properly denied the motion to intervene.

This argument improperly conflates the issue of whether intervention should be permitted with the issue of whether, in fact, U.S. Bank is the current mortgage holder. U.S. Bank does not need to prove its claim on the merits to be entitled to intervene; it merely needs to claim an interest in the Real Estate. Then, upon

intervention, it will be required to prove its claims to be entitled to the surplus funds. There is no basis in the record to conclude that fraud or sham was present in U.S. Bank's claims; therefore, we must take the statements made in its motion to intervene as true. Taking those as true, we find that U.S. Bank has sufficiently claimed an interest in the Real Estate to be entitled to intervene in the litigation. Therefore, we reverse the trial court's denial of the motion to intervene and its order awarding the surplus funds to Eilatan.

[10] U.S. Bank asks that we determine as a matter of law that it is entitled to the surplus funds. We decline to do so. There are questions of fact and law regarding the chain of title to the Real Estate that we are unable to resolve with the record before us. Therefore, we remand to the trial court for further proceedings.

[11] The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

Bailey, J., and Mathias, J., concur.